Oscar Camargo **VILLARREAL,**
**Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–82–274–CR.**

Court of Appeals of Texas,
Corpus Christi.

Nov. 23, 1983.
Rehearing Denied Dec. 15, 1983.

**330**

Moises V. Vela, Harlingen, A.G. Betancourt, Brownsville, for appellant.

Reynaldo Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and BISSETT and YOUNG, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction for the offense of murder. Despite his plea of not guilty, appellant Oscar Camargo Villarreal was found guilty by a jury and sentenced to seventy years confinement in the Texas Department of Corrections. Appellant brings six grounds of error on appeal. He does not challenge the sufficiency of the evidence to support the conviction and, therefore, we provide only a brief recitation of the facts of this case as background.

On the evening of March 25, 1982, appellant and a number of other men were drinking near appellant's garage in Brownsville, Texas. An argument and subsequently a physical altercation ensued between appellant and appellant's brother-in-law, Gilberto Carrisales, the victim. The fight was quickly broken up by appellant's brother. Shortly thereafter, appellant entered his garage and Carrisales followed him in. According to appellant, at this point appellant picked up a knife and he and Carrisales began to struggle again. Appellant cut and stabbed Carrisales numerous times. Dr. James Maher testified that he performed an autopsy on the body of the victim and Carrisales "had 22 different acute knife-type wounds," including a wound in the left chest that penetrated the heart and caused the death.

In his first ground of error, appellant complains that the trial court erred by failing to grant a mistrial, sought after the asking of an allegedly improper question for impeachment of appellant on cross-examination. On cross-examination the prosecuting attorney asked appellant, "Have you ever been in a knife fight yourself?" Appellant's trial attorney objected and the prosecuting attorney withdrew the question. Appellant did not answer. The court, at appellant's trial attorney's request, then instructed the jury not to speculate on what the answer might have been.

The mere asking of an improper question will not be the basis for reversal unless the question results in obvious harm to the accused. Error will generally be cured by withdrawal of the question and on instruction by the trial judge to disregard. Only where it appears that the question was clearly calculated to inflame the minds of the jury and is of such a character as to suggest the impossibility of withdrawing the impression produced on the minds of the jury will these steps be insufficient to cure. *Yarbrough v. State,* 617 S.W.2d 221 (Tex.Cr.App.1981); *Carrillo v. State,* 591 S.W.2d 876 (Tex.Cr.App.1979). Here, any error in the prosecution's question was cured by its withdrawal and the court's instruction. Appellant's first ground of error is overruled.

Appellant asserts fundamental error in the indictment in his second ground of error, in that the allegation fails to allege a culpable mental state. Apparently, appellant also contends in this ground of error that the indictment charges two counts, and that the trial court erred by not requiring the prosecution to proceed on only one count. The indictment in this case reads:

"Defendant ... did then and there unlawfully, intentionally and knowingly cause the death of *GILBERTO CARRISALES,* the deceased, by *stabbing him with a knife*... and, did then and there unlawfully, with intent to cause serious bodily injury, commit an act clearly dangerous to human life that caused the death of the above mentioned deceased, such act being as follows: *by stabbing him with a knife[.]"*

■ The indictment in question merely charges appellant with the murder of Gilberto Carrisales under Sections 19.02(a)(1) and 19.02(a)(2), TEX.PENAL CODE ANN. (VERNON 1974). The prosecution is not required to elect which section it intends to proceed under. See *Crocker v. State,* 573 S.W.2d 190 (Tex.Cr.App.1978). Furthermore, the indictment is not fundamentally defective for failing to allege a culpable mental state for the Section 19.02(a)(2) offense. See *Ortiz v. State,* 651 S.W.2d 764 (Tex.Cr.App.1983); *Lugo-Lugo v. State,* 650 S.W.2d 72 (Tex.Cr.App.1983, Opinion on State's Motion For Rehearing). The indictment is sufficient to charge an offense under Section 19.02(a)(2). Appellant's second ground of error is overruled.

Appellant alleges in his third ground of error that the trial court committed reversible error by making comments on the weight of the evidence of two state witnesses. During the examination of A——— F———, a juvenile, the trial judge stated: "A———, you've done fine so far, so just relax until Mr. Vela gets ready. He may have some questions and he may not." No objection was made following the statement. Later, following the completion of witness's examination, the judge stated: "I want to thank you for being here. You made an excellent witness. You don't have to be afraid of anybody and you've done a real nice job, ma'am." Appellant's trial attorney objected to this statement and moved for a mistrial. The court denied the request and instructed the jury that "What the Court says and what the Court does is not intended, in any way, to indicate to you the Court's feelings about the truth or the falsity of any testimony, or of the guilt or innocence of the defendant. So don't take any remarks that I have made as indicating that I do or do not believe any particular witness."

■ The record reflects that A——— F——— was a twelve year old girl and was in the sixth grade at the time of trial. Several times during her testimony, the trial judge spoke with the juvenile in a manner in which, it appears, was intended to place the witness at ease. Several times during her testimony, the court requested that she speak louder and attempted to stress the importance of speaking in a manner in which the jury could hear all of her testimony. On more than one instance she had to stand up to facilitate the giving of her testimony. Trial court's remarks did not amount to a comment on the weight of the evidence. Even if they did, the remarks were cured by the trial court's instruction to the jury. See *Marks v. State,* 617 S.W.2d 250 (Tex.Cr.App.1981); *Jackson v. State,* 548 S.W.2d 685 (Tex.Cr.App.1977). The appellant does not draw this court's attention to any other instance where the trial court allegedly commented on the testimony of another witness and if such instance exists, he has waived his right to complain thereof. Appellant's third ground of error is overruled.

Appellant contends in his fourth ground of error that the trial court erred by failing to charge the jury during the punishment stage, on temporary insanity caused by intoxication. At the punishment phase of trial, appellant's trial attorney requested a charge on intoxication mitigation. The request was denied by the trial court.

■ In order to raise the issue of insanity by intoxication for the purpose of

**332**

mitigation under § 8.04, TEX.PENAL CODE ANN. (Vernon 1974), the evidence must establish that a defendant, as a result of intoxication, 1) did not know his conduct was wrong, or 2) was incapable of conforming his conduct to the requirements of the law he violated. *Hart v. State,* 537 S.W.2d 21 (Tex.Cr.App.1976); *Bray v. State,* 634 S.W.2d 370 (Tex.App.—Dallas 1982, no d.r.). Appellant relies on statements he made at trial such as: "I don't know what I felt anymore," "I don't remember," and "I really wouldn't know how to answer that because I wasn't feeling well anymore." These statements, taken with the fact that appellant was drinking, or even drunk, are insufficient to establish a defense of mitigation due to insanity as a result of intoxication. They do not raise an issue that appellant did not know that his conduct was wrong or that he was incapable of conforming his conduct to the requirements of the law he violated. See *Hart,* 537 S.W.2d at 24; *Bray,* 634 S.W.2d at 373. Appellant's fourth ground of error is overruled.

Ground of error number five alleges that the trial court "erred in not granting [appellant's] request . . . to submit the case to the jury on voluntary manslaughter or aggravated assault." Apparently, appellant contends that it was error to submit the murder portion of the charge, as, in addition to murder, the trial court charged the jury on voluntary manslaughter and aggravated assault. We have reviewed the record before us and find the evidence sufficient to support the submission of a charge on murder *in addition to* charges on voluntary manslaughter and aggravated assault. See *Newman v. State,* 501 S.W.2d 94 (Tex.Cr.App.1973); *Tooke v. State,* 642 S.W.2d 514 (Tex.App.—Houston [14th Dist.] 1982, no d.r.). Appellant's fifth ground of error is overruled.

Finally, in his sixth ground of error, appellant contends the trial court erred in failing to allow appellant to testify as to his own personal knowledge of the deceased's reputation for being a violent and dangerous person. At issue in this ground

of error are the following question, objections and court ruling:

"Q Did you have an occasion, at one time prior to the 25th of March, to be present when he had a fight—when Beto had a fight with another man and a machete?

MR. CAMPAGNOLO: Your Honor, I'm going to object, both for leading and for relevancy.

THE COURT: Sustained.

MR. VELA: Please note our exception.

THE COURT: Yes, sir.

MR. VELA: Pass the witness."

Appellant's counsel on appeal now contends that the trial court should have stated which objection of the State was sustained, so that trial counsel might have pursued the questioning along another line. No offer of proof was made as to what the evidence excluded would have been. No bill of exception was made. Accordingly, nothing is presented for review. *Marini v. State,* 593 S.W.2d 709 (Tex.Cr.App.1980). Appellant's sixth ground of error is overruled.

The judgment of the trial court is AFFIRMED.