**Edward Santos FEGURGUR, a/k/a Ice, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–86–223–CR.**

Court of Appeals of Texas, Austin.

June 17, 1987.

Rehearing Denied Aug. 12, 1987.

Gerald Brown, Carroll, Brown & Hibbs, Temple, for appellant.

Arthur D. Eads, Dist. Atty., James T. Russell, Administrative Asst., Belton, for appellee.

Before POWERS, GAMMAGE and CARROLL, JJ.

POWERS, Justice.

Edward Santos Fegurgur was adjudged guilty of murder and sentenced to 99 years imprisonment on the jury's finding of guilt and their assessment of punishment. The jury also made an affirmative finding that Fegurgur used or exhibited a deadly weapon during the commission of the offense or in immediate flight therefrom. Tex.Code Cr.P.Ann. art. 42.12, § 3g(a)(2) (Supp.1987). In his appeal to this Court, Fegurgur challenges the affirmative finding and certain aspects of the prosecution's argument to the jury. We will affirm the trial-court judgment.

### THE DEADLY–WEAPON FINDING

Fegurgur contends he was denied due process of law under the State and federal constitutions because he was not given notice that the State would seek from the jury a finding that he used or exhibited a deadly weapon. U.S. Const. amends. V & XIV; Tex. Const.Ann. art. I, § 19 (1984). The effect of such a finding is two-fold. First, it limits the trial judge's power to award probation. Tex.Code Cr.P. art. 42.-12, § 3g(b). Second, it excludes consideration of good-conduct time in calculating when the defendant will be eligible for parole. Tex.Code Cr.P. art. 42.18, § 8(b). Consequently, the finding seriously and palpably affects the period of time a de-

fendant will be confined and in some cases whether he will be confined at all.

Fegurgur argues that he was deprived of a constitutionally protected "liberty" interest by the State's failure to allege by formal pleading in the indictment that it intended to seek the affirmative finding that he used or exhibited the deadly weapon. We find it unnecessary to reach the constitutional necessity for notice because, in our view, the indictment in Fegurgur's case gave him sufficient notice of the State's intention to seek the finding.

■ In determining the sufficiency of notice, the most important determinant is whether, from the notice given, the defendant could adequately prepare his case in opposition. *See Adams v. State,* 707 S.W.2d 900 (Tex.Cr.App.1986). We therefore examine the indictment in the present case to ascertain whether it complied with the requirement in the matter of the affirmative finding made by the jury at the State's request. *Id.,* at 903. Paragraph I of the indictment alleged that Fegurgur, at the place and on the occasion in question.

> did then and there intentionally and knowingly cause the death of an individual ... by cutting and stabbing him with a knife, by striking him with knuckles, by striking him with a club, by striking him with nun chucks, and by striking him with hands and fists.

A deadly weapon includes "anything that in the manner of its use is capable of causing death or serious bodily injury." Tex.Pen.Code Ann. § 1.07(a)(11)(B) (1974). We believe that the quoted portion of the indictment necessarily implied that each of the instruments or articles was capable of causing death owing to the manner of its use and that each was used in the requisite manner. That is to say, the indictment alleged that each of the instruments or articles was a deadly weapon used in the commission of the murder. *Hart v. State,* 581 S.W.2d 675 (Tex.Cr.App.1979). We hold this allegation was sufficient to apprise Fegurgur that the State would seek an affirmative finding that he used or exhibited a deadly weapon in the murder alleged.

■ We recognize that this indictment, standing alone, would be insufficient to place before the trier of fact the issue of whether Fegurgur used or exhibited a deadly weapon. *Polk v. State,* 693 S.W.2d 391, 394 (Tex.Cr.App.1985). But the concerns voiced in *Polk* are not present here because a special issue was submitted to the jury inquiring whether Fegurgur used or exhibited a deadly weapon, with evidence to support the submission. Moreover, the specificity required for a sufficiently express determination by the fact finding is not necessary in every case for sufficient notice, if such notice is indeed required. *See Polk, supra,* at 396 n. 4. A formal and more technically phrased allegation would have added nothing by way of enhancing Fegurgur's ability to defend against the affirmative finding. We therefore overrule his first point of error.

■ Fegurgur next contends the trial court erred in including in its judgment the affirmative finding because there was no finding that identified the specific weapon used by Fegurgur. Fegurgur made no such objection at trial. Further, Tex.Code Cr.P. art. 42.12, § 3g(a)(2) does not require that such a finding be made. Finally, there was evidence to support a finding that Fegurgur used either a knife or knuckles, and that either could have caused the victim's death. *See Cavazos v. State,* 365 S.W.2d 178 (Tex.Cr.App.1963); *Johnson v. State,* 169 Tex.Cr.R. 612, 336 S.W.2d 175 (1960). We overrule Fegurgur's second point of error.

■ In Fegurgur's third point of error, he challenges the jury's affirmative finding on the basis that there is no finding that he himself used or exhibited a deadly weapon. *Travelstead v. State,* 693 S.W.2d 400 (Tex. Cr.App.1985). Again, however, he did not object on this ground at the trial. Further, the trial court charged the jury at the punishment stage of the trial that:

> [t]he defendant has been found guilty, and you will consider if the defendant *alone* used or exhibited a deadly weapon during the commission of the offense or

during immediate flight therefrom (emphasis added).

This instruction was sufficient to inform the jury that the affirmative finding was proper only if they believed Fegurgur himself wielded the deadly weapon as required by *Travelstead, supra.* We overrule his third point of error.

### IMPROPER JURY ARGUMENT

Fegurgur complains of the prosecutor's argument to the jury wherein he stated:

[Defense counsel] wants to beat the State's witnesses over the head ... and more or less say to you that they've studied the same script and they're to be criticized; and therefore, that's not credible evidence. And not once did she ever give you any reason why this self-serving exculpatory set of pack of lies that her client told Bill Miller, she never told you why she thinks this is credible evidence because this can't be believed to be credible.

Defense counsel timely objected to the foregoing on the ground that the prosecutor was "striking at the defendant over the shoulder of counsel." The objection was sustained and the jury instructed accordingly; however, a motion for mistrial was overruled. Shortly thereafter, the prosecutor implied that defense counsel was attempting to confuse the jury. Again, a motion for mistrial was overruled.

Fegurgur contends the quoted statement was so prejudicial that the instruction given by the trial court, ordering that it be disregarded by the jury, was insufficient to cure the resulting harm; consequently, he was denied a fair and impartial trial. *Bray v. State,* 478 S.W.2d 89 (Tex.Cr.App.1972). We disagree.

While defense counsel is protected from unwarranted personal attack, the prohibition against such argument "does not create a sanctuary to which defense counsel may retreat with immunity and thereby deny the prosecutor the right to reply to counsel's argument." *Stokes v. State,* 506 S.W.2d 860, 864 (Tex.Cr.App.1974). When we examine defense counsel's jury argument, we find that it consists in the main of attacks upon the credibility of the State's witnesses, charging that they had given testimony favorable to the State in exchange for "deals" with the district attorney. (One witness had been indicted for offenses arising out of the same episode that led to Fegurgur's indictment in the present case. Two others had conversed with Fegurgur while all of them were confined in the county jail.) Indeed, this was the primary ground upon which Fegurgur relied for defense, for he called no witnesses in his own behalf. We believe the prosecutor's argument was invited by defense counsel's attack on the credibility of the State's witnesses. *Gorman v. State,* 480 S.W.2d 188 (Tex.Cr.App.1972); *Langham v. State,* 473 S.W.2d 515 (Tex.Cr.App.1971). Further, any improper comment was cured by the trial court's instruction that it be disregarded by the jury. We overrule Fegurgur's fourth point of error.

Accordingly, we affirm the judgment of the trial court.

CARROLL, J., not participating.