Robert D. DIAZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 3-86-162-CR.

Court of Appeals of Texas, Austin.

Dec. 23, 1987.

852

James E. Anderson, Austin, for appellant.

Ken Anderson, Dist. Atty., Georgetown, for appellee.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

PER CURIAM.

Robert Diaz appeals his conviction by a jury for murder, Tex.Pen.Code Ann. § 19.02 (1974), and the jury's assessment of punishment at 60 years imprisonment and a fine of $5,000. For the reasons to be discussed herein, we will reform the judgment of conviction to delete the affirmative find-

ing that appellant used or exhibited a deadly weapon during the commission of the offense and, as reformed, affirm the judgment of conviction as to guilt. However, we will remand the cause to the trial court for a new trial as to punishment.

In his first point of error, appellant complains that the trial court erred by submitting to the jury, over objection, a special issue on appellant's use or exhibition of a deadly weapon during this offense. Tex. Code Cr.P.Ann. art. 42.12, § 3g(a)(2) (Supp. 1987). Appellant contends the trial court's action denied him both effective assistance of counsel and due process and due course of law because the indictment did not give notice of the State's intention to seek an affirmative finding pursuant to art. 42.12, § 3g(a)(2). Under Tex.Code Cr.P.Ann. art. 42.18, § 8(b) (Supp.1987), the presence of this affirmative finding in the judgment means that appellant may not receive consideration for accrued good conduct time in determining his eligibility for parole.[1]

In *Ex parte Patterson*, 740 S.W.2d 766 (Tex.Cr.App.1987), the Court of Criminal Appeals held that the prospective denial of an opportunity to earn an early parole eligibility date implicates a liberty interest under art. I, § 19 of the Texas Constitution; that due course of law requires that an accused be given pretrial notice of the State's intention to seek an affirmative finding on the use or exhibition of a deadly weapon pursuant to art. 42.12, § 3g(a)(2); that the submission of an affirmative finding issue to the jury without the requisite pretrial notice is charge error; and that the

harm to the defendant resulting from this error (assuming the jury answers the special issue in the affirmative) is egregious, thus entitling the defendant to relief even in the absence of a proper objection at trial. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Cr.App.1985) (opinion on rehearing). *Patterson* does not specify the form this constitutionally mandated notice should take.[2] However, the opinion does make it clear that an indictment does *not* give adequate notice if it neither expressly alleges the use of a deadly weapon nor alleges the use of a weapon that is deadly *per se*.[3]

The indictment in this case alleges that appellant caused the death of the victim by shooting her with "a gun." A "gun" is not a deadly weapon *per se*. *Chavez v. State*, 657 S.W.2d 146 (Tex.Cr.App. 1983). The indictment does not allege the gun used by appellant was a deadly weapon nor does it allege in a separate "enhancement paragraph" that appellant used or exhibited a deadly weapon. Finally, the record does not reflect any other express pretrial notice to appellant that the State would seek an affirmative finding. Under *Patterson*, we are constrained to hold that appellant was not given adequate notice that the nature of the weapon used would be in and of itself a specific issue in the case, and that the trial court egregiously erred in submitting that special issue to the jury. Therefore, the judgment shall be reformed to delete the affirmative finding.

In his second point of error, appellant complains that the trial court erred in

---

1. Had this offense been committed on or after September 1, 1987, the affirmative finding would also deprive appellant of eligibility for mandatory supervision. 1987 Tex.Sess.Law Serv., ch. 1101, § 7, at 7546 (Tex.Code Cr.P. art. 42.18, § 8(c)].

2. The opinion does suggest that the notice appear in the indictment:

   [W]e decline to hold that the notice due course of law requires must appear *in the indictment*. However, we reiterate that it may, and probably should appear there, preferably in a separate paragraph, much as enhancement allegations are presently pled. As with enhancement paragraphs, failure to prove the special plea will not affect sufficiency of evidence going to the primary offense.

3. In *Fergurgur v. State*, 734 S.W.2d 103, 105 (Tex.App.1987, no pet.), this Court held an indictment that alleged the defendant "cause[d] the death of an individual ... by cutting and stabbing him with a knife, by striking him with knuckles, by striking him with a club, by striking him with nun chucks, and by striking him with hands and fists" was sufficient to apprise the defendant that the State would seek an affirmative finding pursuant to art. 42.12, § 3g(a)(2). Since the alleged weapons are not deadly weapons *per se*, this holding is in conflict with *Patterson*. Our view of the matter must, of course, give way to that of the Court of Criminal Appeals.

failing to submit at the punishment stage his requested charge on temporary insanity caused by intoxication. Tex.Pen Code Ann. § 8.04(b) and (c) (1974). Appellant testified that he never intended to pull a gun on the deceased, much less kill her, but that he had been drinking and his mind had simply gone blank at the time of the offense. However, when asked by the prosecutor whether he was drunk at the time of the shooting, appellant responded that he was not. Although it was confirmed by other witnesses that appellant had been drinking at the time the offense occurred, there was no other evidence of intoxication.

■ In order to be entitled to a charge on temporary insanity caused by intoxication, there must be some threshold evidence of intoxication. Here, there was no such evidence. Without some evidence of intoxication, we do not reach the next inquiry of whether the alleged intoxication rose to the level of temporary insanity. *See Hart v. State*, 537 S.W.2d 21 (Tex.Cr. App.1976); *Villarreal v. State*, 661 S.W.2d 329 (Tex.App.1983, no pet.). The second point of error is overruled.

Finally, appellant argues that the instruction on the law of parole given, over his objection, pursuant to Tex.Code Cr.P. Ann. art. 37.07, § 4(a) (Supp.1987), is unconstitutionally vague and violated his right to due process and due course of law. Although not brought forward in his brief, appellant also objected to the charge at trial on the ground that it violates the separation of powers doctrine enunciated in the Texas Constitution.

In *Rose v. State*, No. 193-87, Tex.Cr.App., November 12, 1987 (not yet reported), a majority of the Court of Criminal Appeals held the statutory parole charge to be unconstitutional, although there was no majority agreement as to the constitutional provision offended (two Judges held the charge denies due course of law, one held it violates the separation of powers doctrine, and two cited both provisions). *See* opinions of On-

ion, P.J.; Clinton, J., joined in part by Duncan, J.; Miller, J.; Teague, J.[4] A different majority of the Court held that a harm analysis under *Almanza v. State, supra,* must be employed to determine if reversal is required when the parole charge is given. *See* opinions of Onion, P.J.; Miller, J.; McCormick, J.

■ In *Almanza,* the Court of Criminal Appeals, after an extensive review of the cases decided under Tex.Code Cr.P.Ann. art. 36.19 (1981), rejected the notion that any error in the jury charge requires automatic reversal in the absence of actual harm:

> We hold that finding error in the court's charge to the jury begins—not ends—the inquiry; the next step is to make an evidentiary review ... as well as a review of any other part of the record as a whole which may illuminate the actual, not just theoretical, harm to the accused.

686 S.W.2d at 174. *Almanza* further holds that where, as in the cause before us, there was a proper objection to the charge at trial:

> reversal is required if the error is "calculated to injure the rights of defendant," which means no more than that there must be *some* harm to the accused from the error. In other words, an error which has been properly preserved by objection will call for reversal as long as the error is not harmless.

686 S.W.2d at 171 (emphasis in original). Finally, *Almanza* instructs us that:

> [T]he actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.

*Id.* In summary, an error in the charge to which a proper objection was made at trial will require reversal unless the appellate court determines beyond a reasonable

---

4. The result reached by the Court of Criminal Appeals is contrary to, and effectively overrules, the opinion of this Court in *Richardson v. State,* 733 S.W.2d 947 (Tex.App.1987, pet. pending), in which the statutory parole charge was upheld against constitutional challenges similar to those made in *Rose.*

doubt, after a review of the entire record, that the error made no contribution to the conviction or to the punishment. Tex.R. App.P.Ann. 81(b)(2) (Supp.1987).

The evidence reflects that appellant fatally shot his girlfriend during an argument. Apparently, appellant has no prior felony convictions. The prosecutor referred to the parole charge during his argument to the jury, briefly summarizing its terms, but did not suggest that the jury should increase the punishment assessed in order to delay parole. To the contrary, the prosecutor cautioned the jury not to speculate as to when, if ever, appellant would be released on parole.[5] No motion for new trial was filed, and there is no evidence from any member of the jury as to the effect the parole charge had on the assessment of punishment.

Imprisonment for sixty years, while less than the maximum possible punishment, is nevertheless at the high end of the statutory punishment range prescribed for first-degree felonies. Tex.Pen.Code Ann. § 12.32 (Supp.1987). It is also the minimum term of imprisonment that must be assessed in order to achieve the maximum delay in parole eligibility pursuant to art. 42.18, § 8(b). Thus, while there is no direct evidence in the record of harm to appellant resulting from the statutory parole charge, it cannot be determined beyond a reasonable doubt that the charge did not contribute to the punishment assessed. The third point of error is sustained.

The judgment of conviction is reformed to delete the finding that appellant used or exhibited a deadly weapon during the commission of this offense. As reformed, the judgment is affirmed as to the finding of guilt. That portion of the judgment of conviction assessing punishment and imposing sentence is reversed, and the cause is remanded to the trial court for a new

trial to determine the appropriate punishment. 1987 Tex.Sess.Law Serv, ch. 179, § 1, at 2711 [Tex.Code Cr.P. art. 44.29(b) ].

**5.** The prosecutor told the jury:
It's not proper for you to go back there and say, "Well, ı know he's going to be paroled the first day he's eligible." The Judge tells you that's speculative and you shouldn't be speculating that that is the day he's going to get out. But you are entitled to be aware of the fact that it is at least possible that a person can be paroled in one-third of the sentence, just as it's possible that he could have to serve every day of his sentence. So it's important that you go back there and not try to predict exactly the day he will be paroled, but simply keep in mind that it is possible that he is eligible and that he could serve every day of your sentence.