**Ronny Joe BROWN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 0324–87.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 9, 1988.

Allen F. Cazier, San Antonio, for appellant.

Ronald Earle, Dist. Atty. and William G. Reid & Terrence Keel, Asst. Dist. Attys., Austin, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

PER CURIAM.

Appeal is taken from a conviction for the offense of injury to a child. After finding appellant guilty, the jury assessed punishment at sixty-five years confinement in the Texas Department of Corrections.

On direct appeal, appellant argued the trial court erred in instructing the jury on the law concerning good time and parole, inasmuch as the charge is predicated upon an unconstitutional statute. The Court of Appeals rejected appellant's challenge to Art. 37.07, Sec. 4, V.A.C.C.P., *Brown v. State*, 725 S.W.2d 801 (Tex.App.—Austin 1987).

In his petition for discretionary review, appellant urges the Court of Appeals erred in holding Art. 37.07, Sec. 4, supra, is constitutional. We find appellant is correct.

In *Rose v. State*, 752 S.W.2d 529 (Tex.Cr. App.1988), this Court determined that Art. 37.07, Sec. 4, is unconstitutional. Under *Rose*, supra, it is still necessary for the Court of Appeals to conduct a harmless error analysis under the guidelines of Tex. R.App.P. 81(b)(2).

The judgment of the Court of Appeals is vacated and this cause is remanded to that court for further proceedings consistent with this opinion.