**Ronny Joe BROWN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–85–255–CR.**

Court of Appeals of Texas,
Austin.

Feb. 15, 1989.

Allen Cazier, Barbour, Cazier & Fox, San Antonio, for appellant.

Ronald Earle, Dist. Atty., Honorable Terrence Keel, Asst. Dist. Atty., Austin, for appellee.

Before SHANNON, C.J., and CARROLL, J.

ON REHEARING ON REMAND

PER CURIAM.

This Court's opinion dated January 18, 1989, is withdrawn and the following is filed in its place.

On original submission, this Court affirmed appellant's conviction for injury to a child, for which the jury assessed punishment at imprisonment for sixty-five years. *Brown v. State,* 725 S.W.2d 801 (Tex.App. 1987). The Court of Criminal Appeals granted appellant's petition for discretionary review, vacated this Court's judgment, and remanded the cause for reconsideration in light of the decision in *Rose v. State,* 752 S.W.2d 529, 552 (Tex.Cr.App.1988)

(opinion on rehearing). *Brown v. State,* 761 S.W.2d 4 (Tex.Cr.App.1988).[1]

In *Rose,* the Court of Criminal Appeals held unconstitutional the statutory parole instruction, Tex. Code Cr.P.Ann. art. 37.07, § 4 (Supp.1989). The court further held that this was not charge error of the sort governed by *Almanza v. State,* 686 S.W.2d 157, 160 (Tex.Cr.App.1985) (opinion on rehearing). Instead, the court concluded that in any case in which the parole instruction was given, with or without objection, reversal is required unless the error was harmless beyond a reasonable doubt. Tex.R. App.P.Ann. 81(b) (Supp.1988).

The evidence establishes that appellant, over a period of approximately one week, severely beat the 21–month-old daughter of his girlfriend. While the child had bruises all over her body, the most severe injuries were to her head and neck. An autopsy revealed two skull fractures, one of which was several days older than the other. The blow which caused the second fracture also resulted in brain damage that proved fatal.

The State offered no additional evidence at the punishment stage. The defense, through the testimony of appellant's mother and a psychiatrist, offered evidence that appellant was suffering from serious, but treatable, psychological problems as a result of having been abused as a child. The defense also offered evidence of appellant's eligibility for probation and the nature of the supervision he would receive while on probation.

During jury argument at the punishment stage, the prosecutor briefly referred to the parole instruction, pointing out that "you already know by that charge that the law in Texas is that a defendant is eligible for parole after serving 20 years actual time, plus good conduct time, and quite frankly, I'm sorry I can't ask you for a stiffer penalty, but I can't ask you for anything, in good conscience, other than 99 years or life in the Texas Department of

Corrections...." Contrary to appellant's argument in his motion for rehearing, the prosecutor did not urge the jury to increase the punishment assessed in order to delay parole.

The jury was instructed by the district court not to consider the extent to which good time might be awarded to appellant or the manner in which the parole law might be applied to appellant. There is nothing in the record to suggest that the jury disregarded this instruction.

In his supplemental brief on remand and in his motion for rehearing, appellant urges that this cause is indistinguishable from *Diaz v. State,* 742 S.W.2d 851 (Tex.App. 1987, no pet.). In that case, the defendant was sentenced to sixty years imprisonment for murder. This Court set aside the punishment, holding that it could not be determined beyond a reasonable doubt that the statutory parole instruction did not contribute to the punishment assessed. Appellant correctly points out that there are several similarities between *Diaz* and the instant cause. However, there is a crucial difference. The evidence in *Diaz* showed that the defendant shot and killed his girlfriend during an argument: a single act of passion. Appellant, on the other hand, repeatedly beat a small child over a period of at least one week, inflicting massive injuries and, finally, death.

Considering all the factors discussed above, including the age of the victim and the manner and circumstances of her death at the hand of appellant, this Court finds beyond a reasonable doubt that the parole instruction did not contribute to the punishment assessed.

The motion for rehearing is overruled and the judgment of conviction is affirmed.

---

1. In its opinion, the Court of Criminal Appeals states that this Court, on original submission, rejected appellant's challenge to the constitutionality of the statutory parole instruction. In fact, appellant's sole contention on appeal was that it was error to give the instruction in a trial for an offense committed before the effective date of the statute. In neither the district court nor this Court did appellant ever contend that art. 37.07, § 4, violated the separation of powers or due course of law provisions of the Texas Constitution.