Joe G. **MADRIGAL**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–88–00078–CR.

Court of Appeals of Texas, San Antonio.

April 5, 1989.

Julie Pollock, Hitchings, Pollock & Bernard, San Antonio, for appellant.

Fred G. Rodriguez, Anne Kelley, William Harris, Jay Brandon, Crim. Dist. Attys., San Antonio, for appellee.

Before BUTTS, REEVES and CARR, JJ.

## OPINION

CARR, Justice.

Joe Madrigal appeals his conviction, by a jury, of murder. The jury assessed punishment at life imprisonment in the Texas Department of Corrections.

On August 4, 1981, appellant was indicted for the offense of murder with a "gun." On February 2, 1988, the State filed a notice of intent to seek an affirmative finding of the use or exhibition of a deadly weapon with the clerk of the court. The notice of intent contained a certificate of service stating that a copy of the notice was mailed to appellant attorney on February 2, 1988.[1] Jury selection for the trial began on February 8, 1988.

As his sole point of error, appellant complains that the trial court erred by submitting to the jury a special issue on appellant's use or exhibition of a deadly weapon during the offense because appellant was not given notice that the State intended to obtain such an affirmative finding. If an affirmative finding is made pursuant to TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3g(a) (Vernon 1989), the appellant may not receive consideration for good conduct time in determining his eligibility for parole. TEX.CODE CRIM.PROC.ANN. art. 42.18 § 8(b)(1) (Vernon 1989).

In *Ex parte Patterson*, 740 S.W.2d 766 (Tex.Crim.App.1987), the Court of Criminal Appeals held that the prospective denial of an opportunity to earn an early eligibility date constitutes sufficiently disparate treatment as to implicate liberty interests under the Texas Constitution. The court further held that due course of law requires that an accused be given pretrial notice of the State's intention to seek an affirmative finding of the use or exhibition of a deadly weapon. It is error to submit an affirmative finding issue to a jury without the requisite pretrial notice. *Id.* at 778. *See also Diaz v. State*, 742 S.W.2d 851 (Tex.Crim.App.1987).

Furthermore, appellant's indictment alleges that he caused the death of the complainant by shooting her with a gun. In *Ex parte Beck*, 769 S.W.2d 525 (Tex.Crim. App.1989), the Court of Criminal Appeals held that "any allegation which avers a death was caused by a named weapon or instrument necessarily includes an allegation that the named weapon was 'in the manner of its use ... capable of causing' (since it did cause) death."

Therefore, appellant had notice that the weapon alleged is a deadly weapon and that the use of a deadly weapon would be in issue in his prosecution. *Id.*

We hold that the February 2, 1988, submission of the State's intent to seek an affirmative finding, which was filed prior to trial, along with the recent decision in *Beck*, constitute sufficient notice.

Appellant's point of error is overruled.

The judgment is affirmed.

---

1. The State filed a supplemental transcript containing the notice of intent to seek an affirmative finding of the use or exhibition of a deadly weapon on September 20, 1988 thereby making such notice part of the record.