**Herman D. JOINER, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–90–00209–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

July 3, 1991.

Douglas M. O'Brien, Houston, for appellant.

Cathleen C. Herasimchuk, Richmond, for appellee.

Before PAUL PRESSLER, JUNELL and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant entered a plea of nolo contendre before a jury to the offense of injury to a child. TEX.PENAL CODE ANN. § 22.04(a) (Vernon Supp.1990). He was convicted and the jury assessed punishment at imprisonment for thirty years in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

The thirteen year old complainant was playing outside with her friend when the appellant stopped and started talking to them. Complainant's father asked appellant and the complainant to walk her friend home. As appellant and the complainant were returning from her friend's house, appellant said he wanted to get his bicycle. He walked to the back yard of a deserted house with the complainant. As they entered the back yard, appellant pulled the complainant toward him and kissed her. As she pulled away, he began to choke her. The next thing she remembered was waking up in a hospital room three weeks later.

The appellant testified that he had gone to the Renaissance Festival that day and had three to four beers and two to three glasses of wine. He also had "dropped some acid" the night before but claimed that he did not feel much of the residual effects of the L.S.D. the day of the attack. Appellant testified that the complainant had been joking and pinching him. He explained his attack on the complainant as a result of his drug and alcohol consumption. He also said that the complainant's facial expression reminded him of his mother when she was intoxicated. This made him "mad" so he choked the complainant and "hit her a few times" with his fist and with a 4″ by 4″ board. He recalled "laying" a concrete block on her face. He also stated that although he did not "black out" during the assault, he did not remember it until after a class the next day.

After the attack, appellant went home, took a shower, changed clothes, and then ran over to tell the complainant's father that he heard a strange noise from a neighboring yard. Appellant told the father that he had seen a black man running across the street away from the deserted yard. The father went with appellant, heard a noise "like a howl or an animal cry," went around the back yard corner and saw his daughter lying in a corner naked from the waist down with her top pulled up. According to her father, complainant's face was "crushed" and looked like a "misshapen bloody pulp." The complainant spent three weeks in the intensive care unit of Herman Hospital where she accrued over $70,000 in medical bills. As a result of the attack, she suffered permanent loss of eyesight in her left eye and is unable to support herself.

In his sole point of error, appellant complains that the trial judge committed reversible error by refusing to give the jury a mitigating instruction on "temporary insanity caused by intoxication" pursuant to TEX.PENAL CODE ANN. § 8.04 (Vernon Supp. 1990).

In order to raise the issue of insanity by intoxication for the purpose of mitigation under section 8.04, the evidence must establish that a defendant, as a result of intoxication, (1) did not know his conduct was wrong, or (2) was incapable of conforming his conduct to the requirements of the law he violated. *Villarreal v. State,* 661 S.W.2d 329, 331–332 (Tex.App.—Corpus Christi 1983, no pet.); *Hart v. State,* 537 S.W.2d 21, 24 (Tex.Crim.App.1976). An accused is entitled to an instruction on every defensive or mitigating issue raised by the evidence. *Arnold v. State,* 742 S.W.2d 10, 13 (Tex.Crim.App.1987). However, before a defendant may benefit from the provisions of section 8.04, he must do more than merely present evidence of either intoxication or gross intoxication. *Id.* at 14.

Appellant relies on his testimony of alcohol consumption. Neither he, nor any other witness testified that he was intoxicated at the time of the attack. There is no evidence that, as a result of intoxication, he did not know that his conduct was wrong or that he was incapable of conforming his conduct to the requirements of the law he violated. The victim testified that appel-

lant did not appear to have been drinking at all, and he did not mention using any drugs to her.

Appellant testified that he blacked out after the attack but doubted whether he was blacked out during the attack. No testimony was given indicating that appellant did not know what he was doing at the time he attacked the child. The testimony of appellant shows that he knew what had taken place and then proceeded to conceal his involvement. This indicates an awareness of the wrongfulness of his actions and an attempt to avoid their consequences. There is no testimony to raise the issue of temporary insanity. *Waldo v. State*, 705 S.W.2d 381, 388 (Tex.App.—San Antonio 1986), *aff'd*, 746 S.W.2d 750 (Tex.Crim.App. 1988).

The appellant knowingly and deliberately put himself in an intoxicated condition. Now he seeks to use that condition to mitigate against the penalty for consciously perpetrating a horrible assault against another person. This can not be sanctioned. Voluntary intoxication will not allow him to avoid responsibility for the rights and well being of others. Intoxication alone does not give the defendant the right to a mitigating instruction. Since there is no evidence that appellant did not know that his conduct was wrong, he was not entitled to any mitigating instruction under TEX.PENAL CODE ANN. § 8.04 (Vernon Supp.1990).

The judgment of the trial court is affirmed.