IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 



ON REMAND


 




NO. 3-86-140-CR




JAMES DAVID ROGERS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT



NO. 82,151, HONORABLE BOB PERKINS, JUDGE


 





PER CURIAM

 A jury found appellant guilty of aggravated sexual assault. 1983 Tex. Gen. Laws,
ch. 977, § 3, at 5312 (Tex. Penal Code Ann. § 22.021, since amended). The jury assessed
punishment, enhanced by two previous felony convictions, at imprisonment for forty-two years.

 On original submission in 1987, this Court affirmed the judgment of conviction. (1)
Appellant's petition for discretionary review was granted and, in November 1988, the court of
criminal appeals vacated this Court's judgment and remanded the cause for reconsideration in light
of the decision in Rose v. State, 752 S.W.2d 529, 552 (Tex. Crim. App. 1988) (opinion on
rehearing). Two months later, this Court again affirmed the judgment of conviction. The court
of criminal appeals again granted appellant's petition for discretionary review, but it subsequently
dismissed the petition as improvidently granted. Thus, in December 1990, this cause appeared
to be final.

 In 1991, however, appellant filed a post-conviction application for writ of habeas
corpus. Tex. Code Crim. Proc. Ann. art. 11.07 (1977 & Supp. 1992). In this application,
appellant complained that he received ineffective assistance of counsel on appeal following the
remand to this Court by the court of criminal appeals. The court of criminal appeals agreed,
reversed our judgment of affirmance, and remanded the cause to us with instructions to reinstate
the appeal. As instructed, this Court withdrew its mandate and ordered the filing of new briefs.

 In Rose, the court of criminal appeals held unconstitutional the statutory parole
instruction enacted in 1985. 1985 Tex. Gen. Laws, ch. 576, § 1, at 2195 (Tex. Code Crim. Proc.
Ann. art. 37.07, § 4, since amended and reenacted). The court concluded that in any case in
which the offending instruction was given, reversal is required unless the error was harmless
beyond a reasonable doubt. Tex. R. App. P. Ann. 81(b) (Pamph. 1992). In a subsequent
opinion, the court discussed at length the analysis to be applied in making that determination. 
Arnold v. State, 786 S.W.2d 295 (Tex. Crim. App. 1990). We will discuss each of the factors
mentioned in Arnold, and apply them to this cause.

 Voir dire examination. There was no mention of parole eligibility or good
conduct credit during voir dire of the jury panel in this cause.

 Objection to parole instruction. Had appellant objected, we could eliminate the
theory that he hoped to gain some advantage from the instruction. Appellant did not object.

 Argument of counsel. Understandably, there was no mention of parole or good
conduct credit during argument at the guilt stage. At the punishment stage, the State waived its
right to open.

 Defense counsel, during his punishment argument, immediately brought up the
subject of parole eligibility. He pointed out that appellant would become eligible for parole after
serving one-third of his sentence or twenty years, whichever is less, and that whatever good
conduct credit appellant might earn would not count toward parole eligibility. Counsel suggested
that sentencing appellant to a term of imprisonment exceeding sixty years would be "meaningless"
because it would not further delay parole eligibility. He urged the jury to impose a thirty-year
term, pointing out that appellant would have to serve at least ten years. It is apparent that counsel
sought to turn the parole instruction to appellant's advantage in two respects: by arguing that a
term of imprisonment exceeding sixty years would be "meaningless" and by demonstrating that
his suggested thirty-year sentence would result in a substantial term of imprisonment. 

 The prosecutor placed less emphasis on the parole instruction than did defense
counsel. In response to counsel's argument about the maximum punishment, she expressed the
opinion that the parole authorities "look at a sixty year sentence and a life sentence differently." 
The prosecutor's only other reference to parole was indirect, when she pointed out that "we're
not sure when they will let him out." Appellant argues that the prosecutor referred to parole when
she argued that "nothing . . . cures a rapist of the background of this defendant but old age," but
we find this to be a plea for a longer term of imprisonment that does not necessarily invite
consideration of parole.

 Jury notes. The jury in this cause did not send any notes to the court.

 Term of years actually assessed. Appellant pleaded true to three previous felony
convictions, and the jury was instructed that the applicable term of imprisonment was twenty-five
to ninety-nine years, or life. Tex. Penal Code Ann. § 12.42(d) (Supp. 1992). Defense counsel
argued for a term of thirty years, stressing that appellant did not seriously hurt the victim. The
prosecutor pointed out that appellant had committed four felonies of increasing seriousness and
asked for no less than fifty years. The jury assessed a term of forty-two years.

 Appellant places great emphasis on the fact that forty-two is evenly divisible by
three. In determining the harm resulting from the unconstitutional parole instruction, this Court
has considered it significant that the term of years assessed was exactly three times the maximum
parole-eligibility date; that is, that the term of imprisonment was the minimum required for the
maximum delay in parole eligibility. Diaz v. State, 742 S.W.2d 851, 855 (Tex. App. 1987, no
pet.). See also Roberts v. State, 800 S.W.2d 536, 538 (Tex. Crim. App. 1990). One-third of
forty-two is fourteen, six years less than the maximum possible parole-eligibility date applicable
in this cause. We find no significance in this.

 There are many possible explanations for the jury's decision to assess a forty-two-year term of imprisonment. The State notes that forty-two years is, rounding down to the nearest
whole number, the midpoint between the minimum term of twenty-five years and sixty years,
which defense counsel had argued was the maximum meaningful sentence. Forty-two is also,
rounding down, the midpoint between thirty-five and fifty, and between forty and forty-five, and
may have been chosen by the jury as a compromise figure. This may have been a quotient
verdict. It is also conceivable that the jury used the parole eligibility formula contained in the
statutory instruction and chose forty-two years because it will result in parole eligibility in the year
2000, or because appellant will then be fifty years old. (The evidence reflects that appellant was
thirty-six years old at the time of trial in 1986.) The fact is, any attempt to divine meaning from
the term of years chosen by the jury in this cause is nothing more than an exercise in numerology.

 Deadly weapon. No weapon was used in the commission of this offense.

 Application for probation. There was no application for probation in this cause.

 Multiple offenses/victims. This factor does not apply in this cause.

 Curative instruction. The district court did not give the traditional cautionary
instruction against considering parole deemed significant in Rose. 752 S.W.2d at 554.

 Facts of the case. For the most part, the facts in this cause are undisputed. The
victim was returning home from work after dark. After being dropped off several blocks from
her home, she was accosted by a former boyfriend. An argument ensued and the victim began
crying. Appellant, who was standing nearby, volunteered to walk the victim home after the
boyfriend drove away. She accepted.

 As appellant and the victim were walking, they were confronted by the former
boyfriend. This time, the argument between the victim and the boyfriend became violent. 
Appellant and another man succeeded in separating the combatants, but not before the victim
sustained a blow to her head and other minor injuries.

 Shortly thereafter, appellant and the victim reached a park a short distance from
the victim's house. They sat on a bench. According to the victim, appellant began to make
sexual advances. When she resisted, appellant began to strangle her, struck her face with his fist,
and threatened to kill her if she did not submit. Appellant admitted having sexual intercourse with
the victim, but denied using force or threats. According to appellant, the intercourse was
consensual. Obviously, the jury believed the victim.

 Prior criminal record. In 1968, appellant was convicted for burglary of an
automobile and sentenced to imprisonment for three years. In 1971, appellant received another
three-year sentence following a conviction for assault with intent to murder without malice. In
1974, appellant was convicted for robbery and sentenced to imprisonment for twenty years; he
was released in 1983. Appellant also acknowledged a previous misdemeanor conviction for
larceny and admitted being a regular marihuana user.

 Appellant's testimony. Although this is not a factor mentioned by the court of
criminal appeals in Arnold, we believe that this is a relevant consideration. When the defendant
testifies, the jury has a better opportunity to form an impression of him than it does when he does
not testify.

 Appellant's testimony is unlikely to have made a favorable impression on the
jurors. According to appellant, he spends his leisure time drinking and smoking marihuana with
friends at a gas station. He referred to women as "his gift." As defense counsel acknowledged
during argument at the guilt stage, appellant obviously "views himself as a woman's man, and that
if he can seduce someone, he will." Appellant described himself as the "victim" in this cause and
in each of his previous convictions. 

 Summary and conclusion. Sexual assault is an inherently heinous offense. In this
cause, moreover, appellant callously took advantage of a young woman who was in physical and
emotional distress. Given the nature of the offense and appellant's previous criminal record, a
punishment greater than imprisonment for forty-two years would not have been surprising. By
stressing that appellant did not use a deadly weapon and did not cause serious bodily injury to the
victim, defense counsel sought to convince the jury that this offense was "not that bad." In our
opinion, the relatively moderate punishment assessed by the jury reflects that this strategy was at
least partially successful.

 The parole instruction was discussed during jury argument, but mostly by defense
counsel in support of his request for a moderate punishment. There is no clear evidence that the
jury considered parole eligibility or good conduct time in assessing punishment, and such
consideration cannot be reasonably inferred from the evidence before us.

 We are satisfied that the punishment decision was based on the nature and
circumstances of the offense, appellant's previous criminal record, and the jury's reaction to
appellant's testimony. We again conclude beyond a reasonable doubt that the parole instruction
did not contribute to the punishment assessed.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: April 8, 1992

[Do Not Publish]
1.   All opinions in this cause are unpublished.