TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00484-CR






Mike Acosta, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 0961043, HONORABLE TOM BLACKWELL, JUDGE PRESIDING 







 Mike Acosta, appellant was convicted of the felony offense of driving while intoxicated.
Tex. Penal Code Ann. (West Supp. 1997). The jury assessed punishment at eight and one-half years'
confinement in the Texas Department of Criminal Justice-Institutional Division and a fine of $5,000.00. 
Appellant challenges his conviction asserting that the trial court erred in (1) overruling appellant's objection
to the prosecutor's jury argument; (2) failing to include an instruction in the charge on punishment; and (3)
failing to hold an evidentiary hearing on appellant's motion for new trial. We will affirm the judgment of
conviction.


SUMMARY OF FACTS

 On January 5, 1996, Officer Johnny McMiller observed a car being driven by appellant
weaving on the roadway and noted that neither the passenger nor the driver were wearing seatbelts. Based
on these observations, the officer signaled the driver to pull over. Before Officer McMiller had the
opportunity to approach the vehicle, he observed appellant exit the car and approach the patrol car. 
Appellant's steps and footing were unstable. During the officer's conversation with appellant he noticed
that appellant's eyes were bloodshot and that his breath carried a moderate odor of alcohol. Appellant
informed the officer that he did not have a driver's license or insurance. Officer McMiller administered a
field sobriety test to appellant and based upon his observations of appellant's performance, the officer
concluded that appellant had lost motor and mental skills due to alcohol consumption. Officer McMiller
arrested appellant and took him to the station where his blood alcohol level measured .19.

 At trial appellant chose not to testify or to present any witnesses in his defense. Based
upon the evidence presented by the State, the jury convicted appellant of the offense as charged. It is from
this judgment of conviction that he appeals.


DISCUSSION

The Jury Argument 

 In his first point of error, appellant asserts that the trial court erred in overruling his
objection to the prosecutor's jury argument in which the prosecutor opined about the credibility of the
witness. During the State's closing argument, the following transpired:


[State's counsel]: And Officer McMiller, who Mr. Garcia wants to lambaste so terribly
for not doing his job, I think was an incredibly fair and an incredibly credible witness.


[Defense counsel]: Objection to the prosecutor's own personal opinions. Improper
argument.


[Court]: Overrule the objection



Before the State's closing final argument, defense counsel had rested with the following remarks:


[T]his was a bad stop by this officer. This officer had no reason to stop Mr. Acosta that
evening. He had no reason to. The question is, is he lying or not; and that's very harsh to
say about somebody, did they lie. 



 It is well established that proper prosecutorial jury argument must fall within one of the
following categories: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3)
responses to argument of opposing counsel; and (4) pleas for law enforcement. Shannon v. State, 942
S.W.2d 591, 597 (Tex. Crim. App. 1996); Cantu v. State, 944 S.W.2d 669, 671 (Tex. App.--Corpus
Christi 1997, no pet.). In reviewing the challenge to the jury argument, we will consider the remark in the
context in which it appears. Gaddis v. State, 735 S.W.2d 396, 398 (Tex. Crim. App. 1988). While an
argument which injects the prosecutor's personal opinion of a witness's credibility alone is improper, we
have concluded that such argument is permissible when invited as a response to defense counsel's attack
on the credibility of the state's witness. See Fergurger v. State, 734 S.W.2d 103 (Tex. App.--Austin
1987, no pet.). See also Forte v. State, 935 S.W.2d 172, 178 (Tex. App.--Fort Worth 1996, pet.
ref'd). 

 Our review of the record reveals that the prosecutorial remarks were not made for the
impermissible purpose of bolstering Officer McMiller's credibility, but rather as a response to opposing
counsel's argument. Moreover, we are satisfied that the error complained of did not substantially affect
the rights of appellant and was therefore, harmless. See Tex. R. App. P. 44.2(b). Appellant's first point
of error is overruled.


The Court's Charge

 In his second point of error, appellant asserts that the trial court erred in failing to include
an instruction at the punishment phase on the defendant's right not to testify. The court's earlier charge on
guilt-innocence included the following instruction:


In a criminal case the law permits a defendant to testify in his own behalf but he is not
compelled to do so, and the same law provides that the fact that a defendant does not
testify shall not be considered as a circumstance against him. You will, therefore, not
consider the fact that the defendant did not testify as a circumstance against him; and you
will not in your retirement to consider your verdict allude to, comment on, or in any manner
refer to the fact that the defendant has not testified.



After the jury found appellant guilty and before the commencement of the punishment phase of the trial,
defense counsel and the court conferred on whether the charge on punishment should contain language on
appellant's right not to testify. The trial court judge stated the following:


What I do on the punishment phase is say this: "To deliberate on the punishment, you may
take into consideration all the evidence submitted before you in the full trial of the case and
on the law submitted to you by the Court."



Counsel responded, "Okay." The judge later pointed out in open court that the defendant did not have to
testify in his own behalf and that the jury was instructed to refrain from commenting on the defendant's
election not to testify. Defense counsel did not make any further comment. On appeal, appellant asserts
that error was preserved through the oral exchange that took place between the court and defense counsel
regarding the court's charge. We disagree.

 Our review of the record reveals that although defense counsel engaged the court in an
exchange over the defendant's right to refrain from testifying on his own behalf, counsel failed to request
an instruction on this issue or object to the court's charge. A defendant's right to a "no adverse inference"
instruction is triggered upon a request or objection from defense counsel. See Beathard v. State, 767
S.W.2d 423, 432 (Tex. Crim. App. 1989). In the absence of a request to the trial court or an objection
to its omission, a defendant waives the right to a no-adverse-inference instruction. See Brown v. State,
617 S.W.2d 234, 238 (Tex. Crim. App. 1981); De La Paz v. State, 901 S.W.2d 571, 578 (Tex.
App.--El Paso 1995, pet. ref'd). In the instant case we conclude that by failing to request the instruction
or to object to the court's charge, appellant has preserved nothing for review. Accordingly, appellant's
second point of error is overruled.


The Motion for New Trial

 In his third point of error, appellant asserts that the trial court committed reversible error
by failing to hold an evidentiary hearing on his motion for new trial. Following conviction and sentencing,
appellant filed a pro se motion for new trial alleging: (1) jury misconduct; (2) ineffective assistance of
counsel; (3) the use of perjured testimony; and (4) bias in the judicial process. The motion was supported
by appellant's affidavit and was timely filed and presented to the judge on July 24, 1996. The following
day, the trial judge ruled upon the motion without holding an evidentiary hearing.

 The Texas Rules of Appellate Procedure authorize a trial court to hear evidence on a
motion for new trial by affidavit or otherwise. Tex. R. App. P. 21.7. However, the right to a hearing on
a motion is not absolute. Reyes v. State, 849 S.W.2d 812, 815 (Tex. Crim. App. 1993). We review a
trial court's decision not to set a hearing on a motion for new trial under an abuse of discretion standard. 
Id. A trial court abuses its discretion if it fails to hold a hearing on a motion for new trial that raises matters
which are not determinable from the record. Jordan v. State, 883 S.W.2d 664, 665 (Tex. Crim. App.
1994); Reyes v. State, 849 S.W.2d at 816. As a prerequisite to a hearing, and as a matter of pleading,
motions for new trial must be supported by an affidavit of either the accused or someone else specifically
showing the truth of the matter asserted. Jordan, 883 S.W.2d at 665. The affidavit is not required to
establish relief, but the motion for new trial or affidavit must reflect that reasonable grounds exist for holding
that such relief could be granted. Id. If the defendant's motion and affidavit are sufficient, a hearing on the
motion is mandatory. Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). The purpose of
the hearing is to provide a forum and an opportunity for a defendant to fully develop the issues raised in the
motion for new trial. See Trevino v. State, 565 S.W.2d 938, 940 (Tex. Crim. App. 1978).

 Appellant's motion was timely filed, properly presented to the trial judge and was
supported by his affidavit. Our inquiry, however, lies in whether the affidavit shows reasonable grounds
that would entitle the movant to a hearing on the motion. Jordan, 883 S.W.2d at 665. A motion for new
trial must be sufficient to put the trial judge on notice that reasonable grounds exist to believe a new trial
is warranted. Id. A careful review of the motion and the record before us reveals that appellant failed to
present reasonable grounds that warranted a new trial or grounds that were not determinable from the
record. We will review appellant's allegations as presented in his motion for new trial.


Jury Misconduct & Perjury

 Appellant alleges jury misconduct occurred when jurors discussed his case during a lunch
recess and that an attorney witnessed the alleged misconduct. An allegation of jury misconduct must be
supported by a juror affidavit. Green v. State, 754 S.W.2d 687, 687-88 (Tex. Crim. App. 1988); Brown
v. State, 804 S.W.2d 566, 569 (Tex. App.--Houston [14th Dist.] 1991, pet. ref'd). Appellant's motion
lacks proof in the form of affidavits from jury members and the alleged witness.

 Next, appellant alleges that the testimony of Officer McMiller was perjured. When the
prosecution knowingly uses perjured testimony, the conviction must be reversed if there is any reasonable
likelihood that the false testimony could have affected the judgment of the jury. United States v. Agurs,
427 U.S. 97, 103 (1976). However, appellant fails to establish that the testimony complained of was
perjured. Moreover, appellant fails to set forth the substance of the testimony in question. Because
appellant's allegations of jury misconduct and perjury by the arresting officer were not supported by
evidence on the record to establish the veracity of such allegations, the allegations alone were not sufficient
to establish reasonable grounds for a hearing on appellant's motion for new trial.


Ineffective Assistance of Counsel & Judicial Bias

 We now turn to appellant's claims of ineffective assistance of counsel and judicial bias. In
appellant's motion for new trial he alleged that he was denied effective assistance of counsel because
defense counsel (1) admitted to rendering ineffective assistance and then proceeded to curse appellant; (2)
improperly admonished appellant as to the range of punishment for his offense when discussing plea offers
made by the State; (3) did not assist him at trial and failed to file any motions on appellant's behalf; (4)
failed to provide appellant with adequate advance notice of his trial date so that he could wear "his own
choice of clothing"; and (5) failed to permit appellant to testify in his own defense. Appellant further asserts
that he requested a new attorney, but the court summarily denied his request without affording him the
opportunity to state his reasons for desiring new counsel.

 Our review of ineffective assistance of counsel claims is governed by Strickland v.
Washington, 466 U.S. 668 (1984). In order to obtain a new trial under the Strickland analysis, the
appellant must first show that counsel was not functioning as the 'counsel' guaranteed by the Sixth
Amendment." Id. at 687. The appellant must also show that the "errors were so serious as to deprive the
defendant of a fair trial whose result is reliable." Id. When conducting this review, we consider the entire
representation by counsel, not just isolated errors. Butler v. State, 716 S.W.2d 48, 54 (Tex. Crim. App.
1986). Our scrutiny of counsel's performance should be deferential, including a conscious effort to evaluate
counsel's conduct from counsel's perspective at the time. Strickland, 466 U.S. at 689-90.

 A review of appellant's motion for new trial reveals that appellant provided the trial court
with nothing more than mere accusations on these points. Appellant failed to establish that counsel was not
functioning as required by the first prong of the Strickland analysis. Moreover, our review of the record
reveals that defense counsel correctly informed appellant of the maximum sentence that he could receive
and that he filed numerous motions on his client's behalf. With regard to appellant's complaint that he was
not permitted to testify in his defense, appellant does not allege the substance of his testimony and how it
would have exculpated him. Hence, appellant's allegations of ineffective assistance of counsel did not
present reasonable grounds to entitle appellant to a hearing on his motion for new trial. We conclude that
the trial judge did not abuse its discretion in denying appellant's motion for new trial based on his claims
of ineffective assistance of counsel.

 Appellant also asserts that the trial judge was biased and prejudiced against him. However
the record does not support appellant's allegations that the judge exercised bias and prejudice by (1) asking
appellant to refrain from making any direct statements to the Court while in the presence of the jury; (2)
directing the bailiff to check on the jury's progress during deliberations; and (3) considering appellant's
prior criminal convictions for purposes of punishment. In the absence of any evidence to support these
allegations, we conclude that the trial court did not abuse its discretion in denying appellant's motion for
new trial based on allegations of bias and prejudice. 

 In sum, appellant's third and final point of error is overruled.


CONCLUSION

 The trial court's judgment of conviction is affirmed. 



 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: October 9, 1997

Do Not Publish



ly uses perjured testimony, the conviction must be reversed if there is any reasonable
likelihood that the false testimony could have affected the judgment of the jury. United States v. Agurs,
427 U.S. 97, 103 (1976). However, appellant fails to establish that the testimony complained of was
perjured. Moreover, appellant fails to set forth the substance of the testimony in question. Because
appellant's allegations of jury misconduct and perjury by the arresting officer were not supported by
evidence on the record to establish the veracity of such allegations, the allegations alone were not sufficient
to establish reasonable grounds for a hearing on appellant's motion for new trial.


Ineffective Assistance of Counsel & Judicial Bias

 We now turn to appellant's claims of ineffective assistance of counsel and judicial bias. In
appellant's motion for new trial he alleged that he was denied effective assistance of counsel because
defense counsel (1) admitted to rendering ineffective assistance and then proceeded to curse appellant; (2)
improperly admonished appellant as to the range of punishment for his offense when discussing plea offers
made by the State; (3) did not assist him at trial and failed to file any motions on appellant's behalf; (4)
failed to provide appellant with adequate advance notice of his trial date so that he could wear "his own
choice of clothing"; and (5) failed to permit appellant to testify in his own defense. Appellant further asserts
that he requested a new attorney, but the court summarily denied his request without affording him the
opportunity to state his reasons for desiring new counsel.

 Our review of ineffective assistance of counsel claims is governed by Strickland v.
Washington, 466 U