# DICK HANIE V. THE STATE.

No. 23931. Delivered February 11, 1948.

*Dalford Todd,* of Dallas, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a five year sentence for murder.

According to the State's testimony, the appellant was living in a house-trailer near the Elm Fork of the Trinity River, in Dallas County. He owned and also occupied a houseboat on the river. He was a disabled veteran of World War I and about sixty years of age. Margaret Twyford, a woman about thirty-eight years of age, went frequently to his houseboat where she did his laundry and cleaned up and, as it further appears, was an associate of appellant at such place. On the 15th day of March, 1946, she came to the boat and found Clem Andrews, the deceased, there alone. Appellant had gone for some wine. He came back shortly, with a gallon, and the three of them drank of this wine until a disagreement arose, apparently between the woman and appellant on the one side and the deceased on the other. This resulted in appellant shooting Andrews in the head. Following a conference between appellant and the woman, she pushed the body into the river for the purpose of disposing of it. Several days elapsed before the body was found and the murder revealed. The evidence is amply sufficient to show that Andrews died from this shotgun wound.

Another witness testified to seeing the deceased with appellant in the houseboat on the afternoon of the killing. No one gave evidence of his being alive after that. The body was identified in the morgue by a figure tattooed on his body, and a shirt which the witness had loaned him and which he was wearing at the time of the killing.

The evidence of the woman who made herself an accomplice, if she were not in law a principal, required corroboration. After considerable investigation, both she and appellant were arrested and placed in jail. At the office of Joe Luther, the Constable, appellant signed a written confession. This was carried to the grand jury and upon it the indictment returned. Before the time of the trial, however, Luther released his office to his successor and the written confession was not available at the trial. The State offered evidence that the instrument could not be found and the court, ruling on objections made, permitted the State to offer oral evidence as to its contents. This confession was of importance to the State, and it is doubted that the evi-

dence would be sufficient without it to sustain the conviction. Prior to the trial a subpoena duces tecum was issued by the State for Luther, the former constable, which called for the production of the written confession in court. This subpoena was not served. The evidence on the subject indicates a lack of diligence on the part of the officers in serving the subpoena and securing his attendance. At the time of the trial the District Judge became satisfied, under the evidence, that the written instrument could not be found and, so holding as a matter of fact, admitted the oral testimony as to its contents.

Appellant's bill on this subject is met with two fatal defects. Appellant asked permission to withdraw his announcement of ready and to postpone the trial until Luther could be secured as a witness. The court, in qualifying the bill, states that appellant's attorney told him that he could have Luther present in ten minutes, but preferred to have his bill instead. With such qualification, accepted by appellant as it was, this Court would not be justified in giving consideration to the question raised. Under the circumstances revealed by the record this would have been a reasonable request but for the statement that he could have the witness there in ten minutes. The court would have done a foolish thing to have continued the case under such circumstance.

Furthermore, on his motion for a new trial appellant produced an affidavit from the witness Luther which conclusively shows that he did not have the written instrument, and did not know where it was. His presence, then, in court would have availed appellant nothing. The trial court was justified under the circumstances in admitting the oral testimony as to the contents of the written instrument and in overruling the motion for new trial, based on such ruling.

We do not find it necessary to discuss any great number of the bills of exception which we find in the record. Our attention is directed by the brief to Bills of Exception Numbers 6, 7, and 8, which complain of the refusal of the court to allow proof of convictions of the deceased in March 1929 and June 1932. It is said that "defendant proposed to display by said evidence that the deceased was of a criminal disposition, and likely to be disposed to carry out any threat of violence." We see no connection between the evidence offered and proof that the deceased was a violent and dangerous man. It is contended that the convictions were for felonies involving moral turpitude. The court's qualification to the bills does not certify that these things

were correct and, in lieu thereof, he quoted from the record to show that he authorized defense counsel to ask anything that involves aggressiveness, if admissible under the rules. The bills are silent as to what took place thereafter.

The treatment herein above of the principal issue involved covers questions raised by Bills of Exception Numbers 9, 11, 12, and 20. Further discussion is not necessary.

Bill of Exception No. 19 complains of the admission in evidence, over appellant's objection, of testimony as to the condition of the houseboat where the homicide took place. It is contended that this evidence about "blood and brains" is inflammatory and prejudicial. Probably so. Most evidence describing a murder is inflammatory and prejudicial, but as a general rule is admissible to show the circumstances of the killing, and frequently serves a useful purpose in enabling the jury to fix appropriate penalty. We find nothing in this testimony preventing its admission under the rules.

Believing that a fair consideration of the questions presented fails to show error requiring a reversal, the judgment of the trial court is affirmed.