**Ruben Gomez ORTIZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 68339.**

Court of Criminal Appeals of Texas, En Banc.

May 4, 1983.

Rehearing Denied June 22, 1983.

Arthur Abraham, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Coll Bramblett, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of murder; the punishment, which is enhanced by a prior felony conviction, is imprisonment for life.

The appellant urges that: the court erroneously admitted his confession in evidence in violation of the best evidence rule; the court admitted evidence of prior convictions for the purpose of impeaching appellant which were too remote; the court's charge is fundamentally defective.

The appellant asserts that: "The trial court committed reversible error by allowing the introduction of a copy of appellant's confession into evidence as it violated the best evidence rule." The appellant's confession was made to a detective in Albuquerque, New Mexico. The detective who received the confession testified that the original confession had been destroyed after it had been placed on microfilm. All records in the Albuquerque Police Department

after six months were microfilmed and the original destroyed.

■ The best evidence rule is applicable; it requires that if the contents of a writing are to be proved, it must be by the production, if possible, of the very writing itself. 3 R. Ray, Texas Law of Evidence, Section 1563 (Texas Practice 3rd ed. 1980). The professed purpose of the production of documents rule being to secure, not the writing at all hazards, but the best *obtainable* evidence of its contents, if the document cannot as a practical matter be produced, because of its loss, destruction, or absence from the proponent's or the court's control, the production of the original is excused and other evidence of its contents is received. 3 R. Ray, Texas Law of Evidence, Section 1571 (Texas Practice 3rd ed. 1980).

■ The State proved that the original document had been destroyed, but it had not been destroyed in bad faith, so the best evidence rule would permit other evidence of the contents of the original writing. Here the secondary evidence was a photographic copy of the confession which was certified as a correct copy. The officer who received the confession also testified it was a correct copy.

In *Hanie v. State*, 151 Tex.Cr.R. 395, 208 S.W.2d 373 (Tex.Cr.App.1948), the State showed a confession had been lost in a constable's office; since it was unavailable this Court held that oral testimony of the confession's contents was properly admitted by the trial judge. The certified photographic copy of the confession admitted here is likely to be much more reliable than the oral testimony allowed in *Hanie v. State,* supra. The trial court did not err in admitting the appellant's confession.

■ Next, the appellant, who was the only defense witness, testified in his 1980 trial raising a self defense issue. The court allowed the State to impeach him by showing he had been convicted twice of burglary in 1973 and of robbery in 1979. He acknowledges that these convictions were obtained less than ten years before his trial in this case, but he argues they should not have been admitted because on balance their admission was so prejudiced as to out-

weigh their probative value. It has been held that whether a conviction of less than ten years is too remote to be admitted is a matter within the discretion of the trial judge, and we find the trial judge did not in this case abuse that discretion. *Bustillos v. State,* 464 S.W.2d 118 (Tex.Cr.App.1971); *Watkins v. State,* 572 S.W.2d 339 (Tex.Cr. App.1978); *Milligan v. State,* 554 S.W.2d 192 (Tex.Cr.App.1977); *McClendon v. State,* 509 S.W.2d 851 (Tex.Cr.App.1974); *Penix v. State,* 488 S.W.2d 86 (Tex.Cr.App.1972). Cf. *Davis v. State,* 545 S.W.2d 147 (Tex.Cr. App.1976).

The appellant complains that the court in its jury charge committed fundamental error in failing to include all the essential elements of the offense of murder. The contention is that the charge fails to require the finding of a culpable mental state and thus omits an essential element of the offense. Specifically, he complains that the charge does not require the jury to find the act was committed knowingly and intentionally.

The appellant was indicted for murder under the provisions of V.T.C.A. Penal Code, Section 19.02(a)(2) which provides that "a person commits an offense if he: intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual."

There were no trial objections to the court's charge on the issue presented in this ground of error. The portion of the charge challenged reads:

"Now if you find and believe from the evidence beyond a reasonable doubt that on or about the 21st day of August, 1977 in El Paso County, Texas, the defendant, Ruben Gomez Ortiz, did then and there intend to cause serious bodily injury to the said Andres Guerra and with said intent to cause such injury did commit an act clearly dangerous to human life, to wit, stabbing the said Andres Guerra in the chest with a knife, and did cause the death of the said Andres Guerra, as alleged in the indictment, then you will find the defendant guilty of murder."

This Court has stated "the distinction to be drawn in determining if the homicide is

criminal is not whether the act is intentional or unintentional, but whether the act is voluntary or involuntary. . . . In order for the homicide to be punishable, the evidence must show that the appellant committed a voluntary act with the requisite culpable mental state." *Womble v. State,* 618 S.W.2d 59 (Tex.Cr.App.1981); *Simpkins v. State,* 590 S.W.2d 129 (Tex.Cr.App.1979); *Dockery v. State,* 542 S.W.2d 644 (Tex.Cr. App.1975); *Wade v. State,* 630 S.W.2d 418 (Tex.App.—Houston [14th] 1982).

In a prosecution under V.T.C.A. Penal Code, Section 19.02(a)(2), an intent to kill is not required. *Garcia v. State,* 541 S.W.2d 428 (Tex.Cr.App.1976); *Fazzino v. State,* 531 S.W.2d 818 (Tex.Cr.App.1976), but there must be an intent to cause serious bodily injury to the individual whose death results from an act clearly dangerous to human life.

In this instance the charge correctly required the jury to find a culpable mental state, i.e. the appellant *intended* to cause serious bodily injury to Andres Guerra, and with such intent committed an act clearly dangerous to human life. Intent and intentionally are equivalents defined by V.T.C.A. Penal Code, Section 6.03(a). No other culpable mental state is required. See *Lugo-Lugo,* 650 S.W.2d 72 (Tex.Cr.App.1983). The charge is not fundamentally defective.

The judgment is affirmed.