**Timothy Lyn EDWARDS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C14–83–585CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 5, 1984.

Herb H. Ritchie, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

JUNELL, Justice.

Appellant was indicted for the offense of credit card abuse pursuant to TEX.PENAL CODE ANN. § 32.31(b)(1)(A) (Vernon 1974). He pled not guilty. After finding him guilty as charged, the court assessed punishment at three years' imprisonment, probated, and a $300 fine. In two grounds of error appellant attacks the sufficiency of the evidence and the admission of the Exxon credit sales slip into evidence. We affirm.

Ms. Edith H. Johnson testified she had last used her Exxon credit card in September 1982 at the Exxon service station located at 5702 Westheimer in Houston. When asked whether the card had been returned to her at that point in time, she answered, "I feel like it was not." She also stated that "every time" she used a credit card, she returned it to the slot in her wallet.

Dan C. Miller, an employee of the Exxon service station in question, testified that on October 11, 1982, he watched appellant put gas in a car. Appellant then gave him a credit card issued to Edith Johnson to pay for that purchase. A friend of Miller's called to verify the card and learned it had been reported as missing. The card was, as per Exxon policy, broken in two. Appellant proceeded to borrow money from another station employee to make payment. Miller was able to identify both the sales ticket and appellant. He was able to identify the sales ticket due to the writing on it and the presence of his initials in the "left-hand side corner"; he was able to identify appellant since appellant had previously worked at the station. Miller also revealed that the station would use the cash box to keep cards that had been left at the station. Such cash box was accessible to appellant when he was an employee.

In ground of error one appellant argues that there is insufficient evidence to support the allegations in the indictment. We disagree. The indictment charged that appellant did then and there unlawfully

with intent to obtain property and service fraudulently, present to DAN R. MILLER a EXXON credit card knowing the use was without the effective consent of the Cardholder, EDITH H. JOHNSON, namely, without any consent of any kind, and knowing that the credit card had not been issued to the Defendant.

Appellant argues that the indictment does not sufficiently establish that the card presented to Miller was the same credit card which had been issued to the same Edith Johnson who testified.

He also argues that the variance in Miller's middle initial ("R" in the indictment and "C" in actuality) cannot be deemed *idem sonans* "since the two letters involved are not adjacent to each other on a typewriter." We are not persuaded to accept his reasoning. Numerous cases have held that a variance in a middle initial or even a middle name is neither material nor fatal. *See e.g. Aliff v. State*, 627 S.W.2d 166 (Tex.Cr.App.1982).

We are also unconvinced by his argument that nothing in the record shows the

card presented belonged to the cardholder named in the indictment. While we do not find the questions asked at the trial on the merits can serve as a model set of questions to use in a credit card abuse case, they nonetheless did provide the necessary proof. Johnson had last used the card at the Exxon station at 5702 Westheimer; she did not feel like it had been returned to her; she always put cards back into the slot in her wallet when they were returned to her; appellant had previously worked at that station; and Miller identified both appellant and the sales receipt.

We hold that there is sufficient circumstantial evidence to support the conviction and overrule the first ground of error.

Appellant contends in ground of error two that the admission of the sales receipt constitutes error as it allegedly violates the best evidence rule. It is controverted that the exhibit was not the original and that someone had written an additional license number on it. However, several witnesses testified regarding the loss of the original. Miller testified he had given the original to the station manager. A special agent for Exxon, Tom Lockhart, stated he thought he had given the "hard" copy and the "flimsy" copy to the Forgery Division of H.P.D. A detective in the Forgery Division, W.M. Elkins, testified he had never received the original. Detective Veryl Brown confirmed that the original was neither in the file nor in the possession of the District Attorney's office. The best evidence rule does not require that the exact location of the loss of an original document be pinpointed. It merely requires production of the best obtainable evidence of the contents of a writing when, as a practical matter, the original cannot be produced due to "its loss, destruction, or absence from the proponent's or the court's control ...." *Ortiz v. State*, 651 S.W.2d 764, 766 (Tex.Cr.App.1983).

The loss of the original was properly established; the exact location of its loss need not be established. We also note that the court admitted the receipt into evidence

with the understanding that it had been altered as far as the addition of another license plate number was concerned. We therefore overrule appellant's second ground of error.

The conviction is affirmed.