Shawn Shugart v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-206-CR

     SHAWN SHUGART,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 12th District Court
Madison County, Texas
Trial Court # 9889
                                                                                                                
                                                                                                            
CONCURRING OPINION
                                                                                                                
   
      The State objected to the testimony regarding the contents of two letters from Shugart to
Terry McNeil on the basis that the testimony violated the “best evidence” rule and was
hearsay. The trial court expressly sustained the hearsay objection and excluded the evidence. 
On appeal, Shugart contends that exclusion was error. In reply to Shugart’s issue on appeal,
the State again argues that exclusion under either theory is correct. Shugart has not shown that
the trial court abused his discretion by excluding the evidence. The State is correct that either
objection could be a proper ground for exclusion of the evidence. Because the majority
opinion determines that the trial court erred, but holds that it was harmless and affirms the
conviction, I respectfully concur in the result but not the reasoning of their opinion.
STANDARD OF REVIEW
      The admission or exclusion of evidence is committed to the trial court's sound discretion.
City of Brownsville v. Alvarado, 897 S.W.2d 750, 753 (Tex. 1995); See Kelly v. State, 824
S.W.2d 568, 574 (Tex. Crim. App. 1992). Applying this standard, we must determine
whether the trial court's ruling was "within the zone of reasonable disagreement." Rachal v.
State, 917 S.W.2d 799, 807 (Tex. Crim. App. 1996).
THE TESTIMONY AND THE OFFER
      To fully understand why the trial court did not err when he refused to allow Shugart to
introduce testimony of the contents of letters written to another inmate, the context, as well as
the content, of the testimony must be evaluated. First, the altercation occurred August 15,
1996. Second, the following testimony had already been elicited from Delarosa, the victim
(also know as “Rosy”):
Q. So y’all had been making threats to each other the night before this happened,
hadn’t you?
 
A. Yes, sir.
 
Q. In fact, you wrote him a note and gave it to him the night before this
happened, didn’t you?
 
A. Yes, sir.
 
Q. I want to show you what has been marked Defendant’s Exhibit 1 or D-1 and
ask you if you recognize that particular document?
 
A. Yes, sir.
 
Q. What is that particular document, Mr. Delarosa?
 
A. I tried – – I guess it’s like a threat. I tried to threaten him. I was mad, you
know.
 
Q. All right. Is this particular document in your handwriting?
 
A. Yes, sir.

***
 
Q. Correct me if I read this wrong. It says, “Fuck you, Shavnon non.” Tell the
jury what Shavnon non means. Is that a Spanish term?
 
A. It’s like the meaning for youngster.
 
Q. Youngster. All right. “And just leave me alone. I’m not here no more. I
hope you die or get real sick and I got a big surprise for you.” Is that correct?
 
A. Yes, sir.
 
Q. So the night before this particular incident took place, you gave that to Shawn
Shugart; is that correct?
 
A. Yes, sir.
      Now, we must review the specific testimony of McNeil that was offered in the bill of
exceptions. The offered testimony included the following:
Q. I want to ask you this: Did you receive any type of correspondence or letters
from Shawn Shugart that expressed any fears which he had regarding some inmates?
 
A. Yes.
 
Q. Would you tell the Court exactly what you remember about the letters? And
before you answer that, you don’t have the letters anymore, do you?
 
A. No.
 
Q. What did the letters say about any fears which he might have had about
inmates in TDC?
 
A. I remember two separate things. The first one I remember he said he feared
two inmates and he had written someone, some official in the prison system or in that
prison.
 
Q. Do you know about when you received that particular communication or
letter, Terry?
 
A. Well, I mean, I don’t really know for sure.
 
Q. Was it in 1996?
 
A. It was in August, approximately August, give or take a week or two.
 
Q. And did he mention any names about who he was afraid of?
 
A. Rosy is the only name I remember him mentioning.
 
Q. Well, and did he send you any other communication or letters that stated this
particular concerning or fear which he had?
 
A. There was another one stating that he had received a letter saying – – or a
note, whatever, from Rosy stating that he wished he was dead and he had a big
surprise and he took that as – – that they – – he was really after him.
 
Q. And again, do you know when he got that particular letter?
 
A. It was – – they weren’t – – those two letters were not far apart.
 
Q. But as far as dates, you can’t remember?
 
A. Not exactly.
      Based on this state of the record there are several observations that are noteworthy. The
dates Shugart prepared the letters sent to McNeil are not established. One of the letters
referenced another document that the testimony established had been delivered to Shugart the
night before the altercation. The testimony does not establish that either letter was prepared
prior to the August 15, 1996 altercation. Additionally, the testimony does not establish
anything more than Terry McNeil no longer had the letters. What had happened to the letters
or where the letters were at the time of trial was not shown and would require the trial court to
speculate.
BEST EVIDENCE
      The “best evidence” objection is a proper basis for exclusion of oral testimony to prove
the contents of the letters. Rule 1002 provides “To prove the content of a writing, recording,
or photograph, the original writing, recording, or photograph is required except as otherwise
provided in these rules or by law.” Tex. R. Evid. 1002. Evidence of the contents of a
document can be admitted if it meets one of the exceptions listed in Rule 1004 which provides:
Rule 1004. Admissibility of Other Evidence of Contents
 
The original is not required, and other evidence of the contents of a writing,
recording, or photograph is admissible if:
(a) Originals Lost or Destroyed. All originals are lost or have been destroyed,
unless the proponent lost or destroyed them in bad faith;
(b) Original Not Obtainable. No original can be obtained by any available
judicial process or procedure;
(c) Original Outside the State. No original is located in Texas;
(d) Original in Possession of Opponent. At a time when an original was under
the control of the party against whom offered, that party was put on notice, by the
pleadings or otherwise, that the content would be a subject of proof at the hearing,
and that party does not produce the original at the hearing; or
(e) Collateral Matters. The writing, recording or photograph is not closely
related to a controlling issue.

Tex. R. Evid. Rule 1004.
      The Court of Criminal Appeals has explained the rational of the best evidence rule. They
have stated: 
The best evidence rule is applicable; it requires that if the contents of a writing
are to be proved, it must be by the production, if possible, of the very writing itself. 
3 R. Ray, Tex. Law of Evid., Section 1563 (Texas Practice 3rd ed. 1980). The
professed purpose of the production of documents rule being to secure, not the writing
at all hazards, but the best obtainable evidence of its contents, if the document cannot
as a practical matter be produced, because of its loss, destruction, or absence from the
proponent's or the court's control, the production of the original is excused and other
evidence of its contents is received. 3 R. Ray, Tex. Law of Evid., Section 1571
(Texas Practice 3rd ed. 1980).

Ortiz v. State, 651 S.W.2d 764, 766 (Tex. Crim. App. 1983).
      The Court of Criminal Appeals has also explained the reasons for which the rule was
developed at common-law. They summarized them as follows:
"Four somewhat overlapping reasons have been advanced to justify a rule preferring
production of the original:
"(1) The nature of documents is often such that the exact words are "of more than
average importance, particularly in the case of operative or dispositive instruments 
. . . where a slight variation of words may mean a great difference in rights."
"(2) Secondary evidence--whether parol testimony or copies--is susceptible to
both human and mechanical error. The rule, therefore, enhances the probability of
accuracy.
"(3) The rule promotes the prevention of fraud because it allows the parties to
examine documents for any defects or alterations, and it dampens any desire to color
testimony as to the contents of documents, since any testimony is subject to immediate
corroboration. 
"(4) The appearance of the original may furnish information as to its authenticity
and significance that may be lacking in a copy, such as handwriting, paper and the
like. J. Weinstein, M. Berger & J. McLaughlin, Weinstein's Evidence ¶ 1002[02]
(1995). 

Englund v. State, 946 S.W.2d 64, 67-68 (Tex. Crim. App. 1997).
      Shugart appears to have attempted to account for the absence of the original for admission
under exception (a). The majority opinion holds the testimony regarding the contents of the
letter was not prohibited by any of the common-law reasons for the rule. The majority opinion
concludes: “The Rule was clearly intended to apply where one attempts to use a duplicate or to
rely on one’s recollection rather than use an original when the language of the document itself
is important. None of these reasons for requiring the original of a document can be construed
to justify exclusion of verbal testimony or require that Shugart offer the letter itself into
evidence.” That is exactly what the rule requires. The evidence that Shugart offers clearly
implicates at least the second and third reasons the rule was developed at common-law. In this
instance it could also be argued that the first and fourth reasons were applicable. 
      The majority opinion has elevated an exception to the rule, and used it to destroy the clear
language of the rule. The majority opinion would have the trial court first determine whether
the opponent has shown that the “collateral matters” exception is not applicable. If not, the
best-evidence rule is not a proper ground for exclusion. The rule and its exceptions are built to
work the other way. Upon proper objection the rule applies unless the proponent of the
evidence establishes that the exception is applicable. 
      The trial court only erred if he abused his discretion in excluding the evidence. Based
upon the testimony, the court could have concluded the absence of the original had not been
sufficiently accounted for and that the issue of showing his fear of Delarosa was more than a
collateral issue to his theory of having a weapon for self defense. Shugart has not shown that
the trial court abused his discretion by determining that the exception is not applicable.
HEARSAYThe hearsay objection calls for a relatively straight forward application of the hearsay rule
and one of its many exceptions. Hearsay is defined as “. . . a statement, other than one made
by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of
the matter asserted.” Tex. R. Evid. 801(d). The hearsay rule provides that “Hearsay is not
admissible except as provided by statute or these rules or by other rules prescribed pursuant to
statutory authority.” Tex. R. Evid. 802. Shugart argues that his statements in the letters to
McNeil were admissible as an exception to the hearsay rule. He argues that the statements
were admissible as a “state of mind exception.” Tex. R. Evid. 803(3). The exceptions
provides:
The following are not excluded by the hearsay rule, even though the declarant is
available as a witness: . . . (3) Then Existing Mental, Emotional, or Physical
Condition. A statement of the declarant’s then existing state of mind, emotion,
sensation, or physical condition (such as intent, plan, motive, design, mental feeling,
pain, or bodily health), but not including a statement of memory or belief to prove the
fact remembered or believed unless it relates to the execution, revocation,
identification, or terms of declarant’s will.

Id.
      The purpose of McNeil’s testimony was to establish an evidentiary basis to argue that the
weapon was a necessity for self-defense. The testimony offered was that Shugart said he was
afraid of Delarosa (“Rosy”) in letters to McNeil. There is no dispute that the testimony of
McNeil was being offered to prove that Shugart was in fact afraid of Delarosa. Thus they
were out of court statements offered as evidence to prove the truth of the matter asserted. The
evidence is classic hearsay. Of course hearsay testimony is admissible if it qualifies as an
exception to the rule which otherwise requires the exclusion of hearsay. There are many
exceptions. The burden is on the party offering the hearsay statement to establish that an
exception is applicable. 
      To qualify as an exception under 803(3) the timing of the statement is critical. If the
statement was made before the altercation and was made as a then existing state of mind (e.g.
“I am afraid of him”), it would be admissible as an exception. However, if the statement was
made after the altercation, it would either be an inadmissible statement of memory of the
condition that existed prior to the altercation (e.g. “I was afraid of him”) or it would be a state
of mind that existed after the altercation and therefore irrelevant (e.g. “I am afraid of him”). 
Only if the statement of fear was made prior to the altercation, while then operating under that
fear would the statement be admissible. Thus the specific wording, as well as the timing, of
the statement made in the form of letters to McNeil are critical to the analysis of their
admissibility.
      Based upon the record, it is clear that whether the statements were made before or after
the altercation was not established. At best the evidence was that the statements were made in
“approximately August, give or take a week or two.” Thus the period when they could have
been made extends from July 17, 1996 to September 14, 1996. More important to the
analysis, the evidence does not establish that the statements in the letters were made prior to
the altercation.
      The trial court was there and able to judge the demeanor and credibility of the witness. 
Shugart has not shown that the trial court abused his discretion by excluding the evidence.
NECESSITY
      As the majority concludes in the final paragraph, in order to warrant a plea of justification
based on necessity the defendant must admit to the offense. Shugart did not admit the offense. 
The trial court did not err in refusing to submit an instruction on necessity. The majority
opinion’s discussion and purported holding that the defense of necessity may be available for
the offense of possession of a deadly weapon in a penal institution is unnecessary to the
disposition of this appeal, dicta, and accordingly I do not join in that part of the opinion.
OTHER ISSUES
      I concur in the remaining parts of the majority opinion not expressly discussed herein.



                                                                         TOM GRAY
                                                                         Justice

Concurring opinion delivered and filed May 3, 2000
Publish