PD-1586-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/31/2014 12:21:13 PM
Accepted 12/31/2014 1:03:40 PM
ABEL ACOSTA
CLERK

**PD-1586-14**

### IN THE COURT OF CRIMINAL APPEALS
### OF THE STATE OF TEXAS

---

### LACONTE WELDON
*Petitioner/Appellant*

**v.**

### THE STATE OF TEXAS
*Respondent/Appellee*

---

On Petition for Discretionary Review from the First Court of Appeals
In Cause No. 01-13-00113-CR, affirming the conviction in
Cause No. 1779615 from County Criminal Court at Law No. 7
of Harris County, Texas

---

### PETITION FOR DISCRETIONARY REVIEW

---

ORAL ARGUMENT REQUESTED

FILED IN
COURT OF CRIMINAL APPEALS

December 31, 2014

ABEL ACOSTA, CLERK

**ALEXANDER BUNIN**
Chief Public Defender
Harris County, Texas

**FRANCES BOURLIOT**
Assistant Public Defender
Harris County, Texas
Texas Bar No. 24062419
1201 Franklin, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 437-4317
frances.bourliot@pdo.hctx.net

**Counsel for Petitioner**

## IDENTITY OF PARTIES AND COUNSEL

APPELLANT:                                     Laconte Weldon
24134 Landing Way Drive
Spring, Texas 77373

TRIAL PROSECUTORS:                    Kristina Daley
Assistant District Attorney
Harris County, Texas
1201 Franklin, Suite 600
Houston, Texas 77002

DEFENSE COUNSEL AT TRIAL:        Peter Justin
402 Main Street
Houston, Texas 77002

PRESIDING JUDGE:                       Hon. Pam Derbyshire
County Criminal Court at Law 7
Harris County, Texas
1201 Franklin, 9th Floor
Houston, Texas 77002

COUNSEL ON APPEAL FOR APPELLANT:   Frances Bourliot
Assistant Public Defender
Harris County, Texas
1201 Franklin, 13th Floor
Houston, Texas 77002

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ..................................................................... ii

TABLE OF CONTENTS ............................................................................................ iii

INDEX OF AUTHORITIES ......................................................................................... iv

STATEMENT REGARDING ORAL ARGUMENT ........................................................... 1

STATEMENT OF THE CASE ..................................................................................... 1

STATEMENT OF PROCEDURAL HISTORY ................................................................. 2

QUESTION FOR REVIEW ........................................................................................ 2

> DID THE COURT OF APPEALS ERR IN AFFIRMING THE JUDGMENT AND SENTENCE WITHOUT HAVING THE COURT REPORTER'S NOTES TO EXAMINE?

REASON FOR GRANTING REVIEW ............................................................................ 2

ARGUMENT ........................................................................................................... 2

PRAYER ................................................................................................................ 4

CERTIFICATE OF SERVICE ..................................................................................... 5

CERTIFICATE OF COMPLIANCE .............................................................................. 5

# INDEX OF AUTHORITIES

**Cases**

*Ortiz v. State*, 651 S.W.2d 764 (Tex. Crim. App. 1983) ..............................................2, 3

*Weldon v. State*, 01-13-00113-CR, 2014 WL 5500484 (Tex. App.—Houston [1st Dist.] Oct. 30, 2014) ...............................................................................................................2, 3

**Rules**

*Tex. R. Evid.* 1002 ...........................................................................................................2

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner requests oral argument as it may aid the Court since the analysis of this case depends upon a detailed review of the record.

## STATEMENT OF THE CASE

This petition seeks review of a direct appeal brought after a conviction for a Class A misdemeanor DWI second offender. (C.R. at 116). On April 17, 2012, Mr. Weldon was convicted in a jury trial and the trial court assessed his punishment at one year in the Harris County Jail and a fine of $400, probated for eighteen (18) months. (C.R. at 76). On June 1, 2012, the State filed a Motion to Revoke Community Supervision, and on January 24, 2013, after hearing testimony, the trial court assessed his punishment. (3 R.R. at 8). The trial court orally pronounced a sentence of five (5) days confinement and court costs in the amount of $500.00. (3 R.R. at 8). However, the written judgment reflects a sentence of one year confinement in the Harris County Jail, a fine of $500.00, and court costs of $412.00. (C.R. at 116).

On May 29, 2014, the First Court of Appeals abated the case and ordered the trial court to hold a hearing to determine whether the reporter's record reflected an inaccurately recorded oral pronouncement. On June 11, 2014, the court reporter testified that the oral pronouncement in the original reporter's record had been a mistake. (1 Supp RR. At 8). On July 23, 2014, the court reporter filed a supplemental reporter's record that reflected an oral sentence pronouncement of one year confinement in Harris County jail, credit for five days. (3 Supp. R.R. at 7).

1

## STATEMENT OF PROCEDURAL HISTORY

On appeal, Mr. Weldon asserted that the judgment should be reformed to conform to the oral pronouncement. In a memorandum opinion dated October 30, 2014, the First Court of Appeals affirmed Mr. Weldon's judgment. *Weldon v. State*, 01-13-00113-CR, 2014 WL 5500484 (Tex. App.—Houston [1st Dist.] Oct. 30, 2014). *See* Appendix. No motion for rehearing was filed.

## QUESTION FOR REVIEW

DID THE COURT OF APPEALS ERR IN AFFIRMING THE JUDGMENT AND SENTENCE WITHOUT HAVING THE COURT REPORTER'S NOTES TO EXAMINE?

## REASON FOR GRANTING REVIEW

The opinion of the First Court of Appeals conflicts with decisions by this Court that assert that the best evidence rule would require the contents of the document, in this case the court reporter's notes, should be proved by the very writing itself. *Tex. R. Evid.* 1002; *Ortiz v. State*, 651 S.W.2d 764, 766 (Tex. Crim. App. 1983)

## ARGUMENT

**THE COURT REPORTER SUBMITTED A SUPPLEMENTAL REPORTER'S RECORD BUT DID NOT SUBMIT HER ORIGINAL NOTES. DID THE COURT OF APPEALS ERR WHEN IT AFFIRMED THE JUDGMENT AND SENTENCE WITHOUT HAVING THOSE NOTES TO EXAMINE?**

Mr. Weldon asserted that because the oral pronouncement of sentence and written judgment were in conflict, the oral pronouncement should prevail and the written judgment should be reformed. During a hearing, the court reporter testified

that the original reporter's record filed with the oral pronouncement of a five day sentence was an error; she stated that her original notes showed an oral pronouncement of a sentence of one year confinement in the Harris County jail, credit for five days. On appeal, the Court of Appeals found that any dispute had been resolved and that there was no longer a conflict between the oral pronouncement and written judgment. Weldon v. State, 01-13-00113-CR, 2014 WL 5500484, at *2 (Tex. App.—Houston [1st Dist.] Oct. 30, 2014).

According to the best evidence rule, Tex. R. Evid. Rule 1002, the only competent evidence should have been the court reporter's original notes. "[I]f the contents of a writing are to be proved, it must be by the production, if possible, of the very writing itself." *Ortiz v. State*, 651 S.W.2d 764, 766 (Tex. Crim. App. 1983). Without examining the court reporter's original notes, the Court of Appeals was unable to examine the full and relevant record of the actual original oral pronouncement that occurred in the trial court.

## PRAYER

Mr. Weldon asks the Court to grant his petition and conduct a full review of his appeal in the First Court of Appeals.

Respectfully submitted,

**ALEXANDER BUNIN**
Chief Public Defender
Harris County Texas


/s/Frances Bourliot
**FRANCES BOURLIOT**
Assistant Public Defender
Harris County, Texas
Texas Bar No. 24062419
1201 Franklin, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 437-4317
frances.bourliot@pdo.hctx.net

# CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing petition for discretionary review has been served on the District Attorney of Harris County, Texas, by e-file on the 31st day of December, 2014. A copy has also been sent by e-file to the State Prosecuting Attorney, also on the 31st of December, 2014.

/s/Frances Bourliot
Frances Bourliot

## Certificate of Compliance

Pursuant to proposed Rule 9.4(i)(3), undersigned counsel certifies that this brief complies with the type-volume limitations of *Tex. R. App. Proc. 9.4(e)(i)*.

1.      This brief contains 1,217 words printed in a proportionally spaced typeface.

2.      This brief is printed in a proportionally spaced, serif typeface using Garamond 14 point font in text and Garamond 13 point font in footnotes produced by Microsoft Word software.

3.      Upon request, undersigned counsel will provide an electronic version of this brief and/or a copy of the word printout to the Court.

4.      Undersigned counsel understands that a material misrepresentation in completing this certificate, or circumvention of the type-volume limits in *Tex. R. App. Proc. 9.4(j)*, may result in the Court's striking this brief and imposing sanctions against the person who signed it.

/s/Frances Bourliot
Frances Bourliot



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-13-00113-CR

_____

**LACONTE TROY WELDON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the County Criminal Court at Law No. 7
Harris County, Texas
Trial Court Case No. 1779615

## MEMORANDUM OPINION

Appellant Laconte Troy Weldon was charged by information with Class A misdemeanor DWI as a second offender. A jury found Weldon guilty, the trial court assessed his punishment at one year of confinement in county jail, probated for eighteen months, and a $400.00 fine. Months later, after a hearing, the trial

court granted the State's motion to revoke and assessed Weldon's punishment. Weldon appealed, arguing that there was a conflict between the oral pronouncement of his sentence and the written judgment and that the judgment should be reformed so the shorter orally-pronounced sentence could control. We affirm.

## Background

In its motion to revoke, the State alleged that Weldon drove his motorcycle without an ignition interlock device in violation of the terms of his community supervision. Weldon pleaded true to the allegation. As originally filed in this court, the reporter's record reflected that the trial court revoked Weldon's community supervision and orally pronounced the following sentence: "I find the allegation to be true, that he violated probation by driving without an ignition interlock. Probation is hereby revoked. Sentence you to five days. Court costs in the amount of $500." The written judgment reflected a different sentence: confinement for one year, with a fine of $500.00, and court costs in the amount of $412.00.

## Discussion

In his sole issue on appeal, Weldon argued that the written judgment should be reformed because it conflicts with the oral pronouncement of sentence. *See Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004) (when there is a

conflict between oral pronouncement of sentence and written judgment, oral pronouncement controls); *Coffey v. State*, 979 S.W.2d 326, 328–29 (Tex. Crim. App. 1998) (en banc) ("[W]hen there is a variation between the oral pronouncement of sentence and the written memorialization of the sentence, the oral pronouncement controls . . . . Any subsequent deviation from that sentence, i.e. either a decrease or increase, could not supersede what had already been imposed in open court."). The State correctly responded that because of the nature of the charge, a Class A misdemeanor DWI, the oral pronouncement of five days' confinement could not control because it would be below the statutory minimum and therefore illegal. *See Mizell v. State*, 119 S.W.3d 804, 805–06 (Tex. Crim. App. 2003) (en banc) (sentences below the statutory minimum are illegal and void); *State v. Cooley*, 401 S.W.3d 748, 751 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (Class A misdemeanor DWI requires confinement "for at least 30 days and not more than one year."). The State also challenged the accuracy of the reporter's record and sought an abatement under Texas Rule of Appellate Procedure 34.6(e)(3).

We abated this appeal and directed the trial court to conduct a hearing to settle the dispute concerning whether the reporter's record accurately reflected the trial court's oral pronouncement. *See* TEX. R. APP. P. 34.6(e)(2) (requiring the trial court to settle a dispute concerning inaccuracies in the reporter's record when

3

parties cannot agree on whether or how to correct); TEX. R. APP. P. 34.6(e)(3) (allowing appellate court, if dispute arises regarding accuracy after filing of reporter's record in appellate court, to submit dispute to trial court for resolution). Our abatement order directed the trial court, if it determined that the reporter's record was inaccurate, to ensure that the reporter's record was made to conform to what occurred in the trial court. *See* TEX. R. APP. P. 34.6(e)(2) ("If the court finds any inaccuracy, it must order the court reporter to conform the reporter's record (including text and any exhibits) to what occurred in the trial court, and to file certified corrections in the appellate court."). Our abatement order also directed that the reporter's record of the hearing and the supplemental clerk's record be certified and sent to our court.

The supplemental record reflects that the trial court held a hearing pursuant to our order of abatement, concluded that the reporter's record of the oral pronouncement was inaccurate, and concluded that the reporter's record should have reflected a sentence of one year in jail with credit of five days. The trial court's findings were based on the oral testimony of the court reporter at the abatement hearing. Specifically, the court reporter testified that a scopist helped her edit the file and emailed the court reporter the file under the name "Weldonsentence." The court reporter proofread that file, edited it to conform to her notes, and then saved the file as "Weldonsentencing" instead of

4

"Weldonsentence." The court reporter testified that her notes—which could not have been changed because they were written on her stenotype—state that the trial court orally pronounced a sentence of one year. The "Weldonsentencing" file reflected the correct one-year sentence, but the court reporter erroneously included the unedited and incorrect version of the file, which was titled "Weldonsentence," in the record. The court reporter brought her original notes from sentencing to the hearing. Her notes corroborated her oral testimony.

At the conclusion of the hearing, the trial court stated: "So the record is clear that there was a mistake by the court reporter; the sentence was one year in jail with credit for five days. And his costs were all run concurrent. He did not owe any costs for this." Following the hearing, the trial court entered the following findings of fact:

- "The official court reporter's transcription accurately reflects that Judge Derbyshire properly sentenced Mr. Weldon."

- "The official court reporter did not catch the error in the sentencing portion of the transcription during preparation of the record."

- "Upon receiving the Order of Abatement from the Court of Appeals, the reporter reviewed her notes, corrected the transcript and submitted the corrected copy to the Court of Appeals."

In short, the trial court resolved the dispute over the accuracy of the record, concluded that the reporter's record reflecting the oral pronouncement of a five-day sentence of confinement was inaccurate and caused to be filed a supplemental

5

record reflecting that the actual oral pronouncement of sentence was confinement for one year with credit for five days. *See* TEX. R. APP. P. 34.6(e)(2) ("the trial court must . . . settle the dispute"). We give almost total deference to a trial court's rendition of the historical facts. *Ross v. State*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000); *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (en banc); *Stafford v. State*, 63 S.W.3d 502, 511 (Tex. App.—Texarkana 2001, pet. ref'd) (trial court's procedure to correct record complied with appellate rules allowing correction of record before and after it was filed with appellate court where single mistake was corrected in record). Accordingly, the conflict between the oral pronouncement and the written judgment as to the length of confinement no longer exists, and no reformation of the length of sentence of confinement is necessary.

We overrule Weldon's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Rebeca Huddle
Justice

Panel consists of Justices Massengale, Brown, and Huddle.
Do Not Publish — TEX. R. APP. P. 47.2(b).