**Affirmed and Memorandum Opinion filed August 23, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00726-CR

**RUBEN VELA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court
Harris County, Texas
Trial Court Cause No. 1477381**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Ruben Vela of aggravated robbery, and the trial court sentenced him to fifty years in prison. Appellant challenges his conviction in a single issue, arguing that his trial counsel rendered ineffective assistance of counsel for failing to object to testimony offered in violation of the best evidence rule. Because the record is silent as to why counsel failed to object and appellant has not shown that the failure was so outrageous that no competent attorney would

have failed to object, we overrule his sole issue on appeal and affirm the trial court's judgment.

## Background

Appellant was convicted of aggravated robbery with a deadly weapon. Breeann Woodland testified that appellant approached her in her driveway on the morning of the robbery. He pointed a black automatic handgun at her and told her to go into the house. Appellant followed Woodland into the house and began going through it for valuables. After fifteen to twenty minutes, appellant left with Woodland's computer, wedding band, and costume jewelry.

After appellant left, Woodland called 9-1-1. Deputy Sheriffs John Frazier and David Janhuowski responded. Janhuowski testified he found a neighbor's house with security cameras on the same dead-end street as complainant's. On the neighbor's security footage, Janhuowski observed a dark sedan drive down the street several times, including driving towards Woodland's home around the time of the reported robbery and then leaving the street approximately fifteen to twenty minutes later. Sergeant Scott Ashmore testified law enforcement later made repeated attempts to obtain the neighbor's security footage, but were not able to download it.

The day after the robbery, appellant was stopped in a black sedan for expired tags. The car contained Woodland's stolen computer and a BB gun. Appellant was arrested and gave a statement to law enforcement admitting he had robbed Woodland.

## Analysis

In his sole issue, appellant contends he was denied effective assistance of counsel because his trial counsel failed to object to testimony by David Janhuowski and Scott Ashmore regarding the content of the neighbor's

2

surveillance video recording. Appellant contends this testimony was given in violation of Texas Rule of Evidence 1002, the "best evidence rule." Appellant has failed to overcome the strong presumption that counsel's decision not to object fell within the wide range of reasonable professional assistance.

## I.     Standard of review

We review a claim of ineffective assistance of counsel under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Appellant must first establish that counsel's performance was deficient. *Id.* This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" the Sixth Amendment guarantees. *Id.* Second, appellant must show that the deficient performance prejudiced the defense. *Id.* This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.*

Appellant has the burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). To defeat the strong presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App.1996).

An appellate court looks to the totality of the representation, rather than an isolated act or omission, in evaluating the effectiveness of counsel. *Ex Parte Felton*, 815 S.W.2d 733, 735 (Tex. Crim. App. 1991). Although it is possible that a single egregious error by counsel can constitute ineffective assistance, Texas courts have been hesitant to "designate any error as per se ineffective assistance of counsel as a matter of law." *Thompson*, 9 S.W.3d at 813 (quoting *Jackson v. State*, 766 S.W.2d 504, 508 (Tex. Crim. App.1985)). An appellate court should be

especially hesitant to declare counsel ineffective based upon a single alleged miscalculation during what amounts to otherwise satisfactory representation, especially when the record provides no discernible explanation of the motivation behind counsel's actions—whether those actions were of strategic design or the result of negligent conduct. *Id.* at 814. Ordinarily, counsel should have an opportunity to explain his or her actions before being held ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

## II. Appellant has not shown that the record is sufficient to overcome the presumption of competence.

Appellant's claim is based on his trial counsel's failure to object to testimony regarding the content of a video recording under Texas Rule of Evidence 1002. To demonstrate that trial counsel's failure to object amounted to ineffective assistance, appellant must first show that the trial judge would have erred in overruling such an objection. *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011). We need not decide here whether the trial court would have erred in overruling the omitted objection. Assuming it would have been error for the judge to overrule the objection, trial counsel's failure to object alone does not overcome the presumption of competence.

Rule 1002 provides that "an original writing, recording or photograph is required  in order to prove its content unless these rules or other law provides otherwise." Tex. R. Evid. 1002. Other evidence of the content of a writing, recording or photograph is admissible in lieu of the original, however, if "an original cannot be obtained by any available judicial process." Tex. R. Evid. 1004. The purpose of Rule 1004 is to allow the admission of the "best obtainable evidence of [a document's] contents, if the document cannot as a practical matter be produced." *Johnson v. State*, 846 S.W.2d 373, 376 (Tex. App.—Houston [14th Dist.] 1992), *rev'd on other grounds*, 853 S.W.2d 574 (Tex. 1993) (quoting *Ortiz*

4

*v. State*, 651 S.W.2d 764, 766 (Tex. Crim. App. 1983)).

Because appellant did not file a motion for new trial, the record is silent as to why appellant's trial counsel chose not to object or failed to object. To satisfy the first prong of *Strickland* on a silent record, it must be apparent "that counsel's performance fell below an objective standard of reasonableness as a matter of law, and that no reasonable trial strategy could justify trial counsel's acts or omissions, regardless of his or her subjective reasoning." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011); *see also Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (conduct "so outrageous that no competent attorney would have engaged in it").

This is not such a case. There are plausible reasons for not objecting to inadmissible testimony. *See Thompson*, 9 S.W.3d at 814 (holding the presumption of strategy was not rebutted when record was "silent as to why appellant's trial counsel failed to object to the State's persistent attempts to elicit inadmissible hearsay"). In this case, the record shows that law enforcement was unable to obtain or copy the video recording despite several attempts. Trial counsel may have concluded that because the State likely could have met its burden to admit the testimony under Rule 1004, raising an objection to the testimony under Rule 1002 would have been futile. On this record, therefore, we conclude appellant has failed to prove his claim of ineffective assistance under *Strickland*. We overrule appellant's sole issue.[1]

---

[1] This disposition does not affect appellant's entitlement to submit his ineffective-assistance complaints or other appropriate constitutional complaints for review on the merits in an application for a writ of habeas corpus. *Rylander*, 101 S.W.3d at 111 n. 1; *Bone v. State*, 77 S.W.3d 828, 837 n. 30 (Tex.Crim.App.2002).

## Conclusion

Having overruled the appellant's sole issue, we affirm the trial court's judgment.

/s/    J. Brett Busby
          Justice

Panel consists of Justices Busby, Donovan, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).